STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v.
JAMES FLADGER, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued March 6, 1967—Decided March 14, 1967.

206

Before Judges LEWIS, LABRECQUE and CARTON.

*Mr. Benjamin L. Bendit* argued the cause for defendant (*Messrs. Bendit, Weinstock & Sharbaugh,* attorneys; *Mr. Russell S. Sharbaugh, Jr.,* on the brief).

*Mr. Barry H. Evenchick,* Assistant Prosecutor, argued the cause for plaintiff (*Mr. Brendan T. Byrne,* Prosecutor of Essex County, attorney).

The opinion of the court was delivered by

LABRECQUE, J. A. D. Defendant was convicted in the Newark Municipal Court on charges of obtaining money by false pretenses on April 6, 1966 and attempting to obtain money by false pretenses on May 30, 1966. *N. J. S.* 2A:111–1. He

appeals from the judgment of the Essex County Court upholding his conviction.

At the *de novo* trial before the judge of the County Court, sitting without a jury, the State produced testimony to establish that on April 6, 1966 defendant had cashed a check in the amount of $96 in a Newark supermarket which was not honored because the account of the maker had been closed. The check was made payable to defendant and was drawn on the account of Funderburk Remodeling Co. and signed by Mason B. King, who conducted a home repair, paint and carpentry business under that trade name. On May 30, 1966, when defendant attempted to cash another check from Funderburk to himself in the sum of $95, the store manager called the police and the present charges followed.

The defense was that the check had been received for job orders given by defendant, a free-lance home improvement salesman, to Funderburk, a contractor, and that defendant had had no knowledge that Funderburk's account had been closed or that the first check had been dishonored. It was conceded that defendant had made good the amount of the first check.

At the conclusion of the State's case the trial judge reserved decision on defendant's motion for a judgment of acquittal, after which, without objection, defendant testified in his own behalf and the State called witnesses in rebuttal.

We hold that it was error to refuse to grant defendant's motion for judgment of acquittal at the close of the State's case. Confined as we are to the evidence as it existed at the time of the motion, *State v. Moffa,* 42 *N. J.* 258, 261 (1964), we are satisfied that the proofs were insufficient to justify submission to the trier of the facts of the issue of defendant's guilt. The evidence, considered in its entirety and giving the State the benefit of all legitimate inferences therefrom, was not such that he could properly have found beyond a reasonable doubt that defendant was guilty of the offenses charged. *State v. Dancyger,* 29 *N. J.* 76, 84 (1959), *certiorari* denied 360 *U. S.* 903, 79 *S. Ct.*

1286, 3 *L. Ed. 2d* 1255 (1959). Proof of the fraudulent intent necessary to sustain a conviction under *N. J. S.* 2A:111–1 was entirely lacking. *State v. Greco,* 29 *N. J.* 94, 98 (1959). Here the checks in question presumably bore the genuine signature of the maker; they were made payable to defendant; there was no proof of any fraud or dishonesty in their procurement or of knowledge on defendant's part that they were worthless or that the account on which they were drawn had been closed.

The State argues that the trial judge properly resorted to *N. J. S.* 2A:111–16 for the necessary proof of intent. We disagree. The cited statute provides that:

"The making, drawing, uttering or delivering of a check, draft or order *as stated in section* 2A:111–15 of this title shall be prima facie evidence of intent to defraud, and the certificate of protest of nonpayment of same shall be presumptive evidence that there were no funds or insufficint funds in or credit with such bank or other depository and that the person making, drawing, uttering or delivering the instrument knew that there were no funds or insufficient funds in or credit with such bank or other depository." (Emphasis added)

*N. J. S.* 2A:111–15 provides that:

"Any person who, for himself or as agent or representative of another person, or as an officer or agent of any corporation, or as a member of a partnership, with intent to defraud, makes, draws, utters or delivers a check, draft or order for the payment of money in an amount of $200.00 or more, upon any bank or other depository, knowing at the time of so doing that the maker, or drawer, has no funds or insufficient funds in, or credit with, such bank or other depository for the payment of such instrument, in full, upon its presentation, although no express representation is made in reference thereto, is guilty of a misdemeanor and shall be punished by a fine of not more than $1,000, or by imprisonment for not more than 1 year, or both."

We hold that the presumption referred to in *N. J. S.* 2A:111–16 was not applicable to the prosecutions under *N. J. S.* 2A:111–1 and that it was incumbent upon the State to establish affirmatively an intent to cheat and defraud on the part of defendant. See *Waye v. State,* 231 *Md.* 510, 191 *A. 2d* 428, 430 (*Ct. App.* 1963). Since proof to that effect

was lacking, the trial judge should have granted defendant's motion for acquittal at the close of the State's case. To hold otherwise would be to render liable to prosecution every innocent negotiator of a check returned for insufficient funds.

We find it unnecessary to consider the remaining points raised.

Reversed.