CLARENCE TYLER *v.* WARDEN, MARYLAND
PENITENTIARY

[No. 50, Initial Term, 1967.]

*Decided September 29, 1967.*

Before ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

PER CURIAM.

The applicant, Clarence Tyler, seeks leave to appeal from the denial of his application for relief under the Uniform Post Conviction Procedure Act.

In his petition and amendment thereto, he seeks relief from his convictions and sentences for three separate offenses, wherein he received a total of three and one-half years in the Maryland Penitentiary. On January 20, 1965 Clarence Tyler, the petitioner, plead guilty to false pretenses before Judge Shirley B. Jones in the Criminal Court of Baltimore and was sentenced to five years in the Maryland Penitentiary. Thereafter, on March 15, 1965, the petitioner, under a plea of guilty of false pretenses, was sentenced by Judge Anselm Sodaro in the Criminal Court of Baltimore to three years in the Maryland Penitentiary to run concurrently with the aforesaid sentence. Following this, on April 1, 1965, Judge Jones reduced the five year sentence to three years. On June 26, 1964, prior to these two sentences, Judge Dulany Foster found the petitioner guilty of larceny on a guilty plea and sentenced him to six months in the Baltimore City Jail, which sentence was suspended and he was placed on probation for two years. On August 19, 1965, he appeared before Judge Foster for violation of probation, plead guilty, his probation was revoked and the six months sentence was reim-

posed to run consecutively with the sentence he was then serving. On September 21, 1965, the sentence of August 19, 1965 was changed to six months in the Maryland Penitentiary; sentence to begin at expiration of sentence he was then serving.

Counsel was appointed by the court to represent the petitioner and a hearing was held before Judge Cardin in the Criminal Court of Baltimore on February 16, 1966. Judge Cardin in an order dated April 1, 1966 denied the relief sought.

In his original petition, as amended, Tyler alleges as grounds for relief:

1. The Court imposed an illegal sentence of 3 years on March 15, 1965, in violation of Article 27, Sections 140, 142 and 144.
2. The Court imposed an illegal sentence of 6 months on August 19, 1965, and that sentence was erroneously dated to be served during 1967—that said sentences run concurrent with the 18 month sentence.
3. Court should nullify sentence imposed in 1964.
4. Illegally arrested.
5. State knowingly gave the petitioner a faulty and illegal copy of the indictments.
6. The Grand Jurors did not indict the petitioner in indictment #3559.
7. Court allowed admission of illegal evidence.

As his first ground he contends that the sentence of three years imposed upon him by Judge Sodaro on March 15, 1965 on his plea of guilty to false pretenses was excessive since the bogus or worthless check was for $85.30 and the maximum sentence that could be imposed was eighteen months under Section 140, Article 27, Code. In support of his contention he relies upon *Waye v. State*, 231 Md. 510, 191 A. 2d 428 (1963). In *Waye* the defendant was indicted under Section 140 rather than Section 142 (Worthless Check Act) of Article 27, Maryland Code. There he gave his personal check, payable to himself, for $85.00, which proved to be worthless. The court held that there was sufficient evidence to convict and that the State could prosecute under Section 140 rather than Section 142 if it elected to do so, but a greater degree of proof was required

on the part of the State to convict. Originally the penalty as set forth in Sections 140 and 142 of Article 27 (Code) was identical: * * * "by fine and imprisonment, or by confinement in the penitentiary for not less than two years nor more than ten years, as the court shall award; * * *." In 1955 Section 142 was amended to provide that where the check, draft or any other negotiable instrument is less than one hundred dollars the maximum penalty shall not exceed a fine of fifty dollars or imprisonment for not more than eighteen months in the House of Correction. *Waye* held that the amendment of Section 142 in 1955 amended Section 140 to the extent that when there is a conviction under Section 140 for the giving of a worthless check and the property obtained is valued at less than one hundred dollars, the maximum penalty that may be imposed is a fine of fifty dollars and eighteen months imprisonment. *Waye* further held that this only applied *if under identical facts* the prosecution be brought under Section 140 rather than Section 142.

In the instant case, however, the facts are not identical with those in *Waye v. State, supra.* Here the defendant was indicted for forgery but plead guilty to the 5th count (false pretenses). The check given by Tyler was not his own check. The lower court found that "the names on the check had been forged by Tyler and he did not have an account in the name of the company on which the check was drawn." Since the sentence of three years imposed by Judge Sodaro was well within the penalty prescribed under Section 140, the committing judge was not in error and this contention is without merit. See *Marr v. State,* 277 Md. 510, 177 A. 2d 862 (1962).

Petitioner's second and third grounds for relief will be considered together. He contends that the court imposed an illegal sentence of six months on August 19, 1965 and that sentence was erroneously dated to be served during 1967 and that the Court should nullify sentence imposed in 1964.

As previously stated, on June 26, 1964, Judge Foster sentenced Tyler to six months in the Baltimore City Jail, suspended the sentence and placed him on probation on condition of good behavior for two years. Following his two subsequent convictions he was charged with violation of probation and on Au-

gust 19, 1965 a hearing was held before Judge Foster. Tyler entered a plea of guilty, his probation was revoked and the sentence of six months was reimposed to be served consecutively with the sentence that he was then serving.

His contention is that because the six months sentence is to begin beyond the two year probation period it is illegal, erroneously dated and a nullity.

There is no merit to this contention. His violation of probation occurred well within the two-year period for which he was placed on probation. A hearing was held at which he entered a plea of guilty. If a verdict of guilty has been decided on, or guilt has been admitted, the court may impose the suspended sentence. "The Court upon revoking probation may impose, under the specific authority of Section 279 of the Charter and Public Local Laws of Baltimore City (Flack, 1949), any sentence which might have originally been imposed for the crime of which said probationer was convicted." Mutter, Probation in Baltimore City, Maryland Law Review, Vol. 17, p. 309, 322. Cf. *Hite v. State,* 198 Md. 602, 607-8, 84 A. 2d 899 (1951). See also *Edwardsen v. State,* 220 Md. 82, 151 A. 2d 132. If Judge Foster had not placed the petitioner on probation he would have served his six months sentence beginning as of June 26, 1964 and would have completed his sentence prior to his conviction by Judge Jones on January 20, 1965. Since his violation of probation occurred well within his two-year probation period and while he was serving his sentences under his two subsequent convictions Judge Foster was fully justified in ordering that his six months sentence be served at the expiration of the sentence he is now serving.

In considering applicant's fourth, fifth, sixth and seventh contentions we point to the fact that Tyler entered pleas of guilty to each of three separate offenses of which he was convicted and which are now the subject of these proceedings. It has been repeatedly held in this State that a guilty plea, freely and intelligently made, operates of itself as a conviction of the highest order and constitutes a waiver of all nonjurisdictional defects. *Brooks v. Warden,* 1 Md. App. 1 (1967) ; *Treadway v. Warden,* 243 Md. 680, 220 A. 2d 907 (1966) ; *McCoy v. Warden,* 234 Md. 616, 198 A. 2d 245 (1964). However, the lower court

made specific findings of fact as to applicant's fourth, fifth and sixth contentions and found each to be without merit. As to his fourth contention (illegal arrest) the court found the applicant made no effort to support this contention and was therefore only a bald allegation, citing *Farley v. Warden,* 223 Md. 647, 162 A. 2d 445 (1960). However, an illegal arrest, plus the use of evidence obtained through the arrest, may in some circumstances afford grounds for post conviction relief. *Wade v. Warden,* 240 Md. 346, 214 A. 2d 161 (1965). Since his fourth contention and his seventh contention (not ruled on) both apply to indictment No. 1353 where he plead guilty to false pretenses before Judge Jones, they should be considered together. It is not clear from the transcript whether any fruits of the arrest were used against the applicant at his trial.

His fifth and sixth contentions relate to indictment No. 3559 for larceny where he entered a plea of guilty before Judge Foster to the first count. Petitioner contends in his fifth contention that the State *knowingly* gave petitioner a faulty and illegal copy of the indictment, and in his sixth contention that the Grand Jurors did not indict the petitioner in indictment No. 3559, and if so, the indictment is indefinite in various respects. The lower court did not make specific findings in connection with these contentions, as required by Maryland Rule BK 45 b, stating only, by way of conclusion, that (a) the mere fact that the indictment given to the petitioner did not contain a list of certain materials and their value did not render the indictment faulty since the court's copy did have the proper listing and (b) that applicant's sixth contention was never supported and was only a bald allegation upon which relief could not be granted.

Nor did the lower court make any finding as to applicant's seventh contention (that the court allowed admission of illegal evidence). In his amendment to his original petition applicant contends that in indictment No. 1353 where he plead guilty to false pretenses before Judge Jones he had originally plead not guilty but when the case was tried before Judge Jones the court allowed admission of illegal evidence and he was left without a defense and that he therefore withdrew his not guilty plea and plead guilty on advice of counsel. He raises the contention

that his guilty plea was not freely and intelligently made but only came about as a result of the admission of illegal evidence.

Since the trial court failed to pass upon the applicant's seventh contention as set forth above and since its reasons for denying applicant's fourth, fifth and sixth contentions must be clarified, we grant the application for leave to appeal and remand the case so that the court below may pass upon applicant's seventh contention and at the same time clarify applicant's fourth, fifth and sixth contentions. Maryland Rule BK 45 b; *Branson v. Warden,* 239 Md. 15, 209 A. 2d 784 (1965).

> *Application for leave to appeal granted and case remanded for further proceedings in accordance with this opinion.*