HEATH *v.* STATE

[No. 21, October Term, 1951.]

*Decided December 5, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Samuel Schenker,* with whom was *Oswald C. Robinson* on the brief, for the appellant.

*Kenneth C. Proctor, Assistant Attorney General,* with whom were *Hall Hammond, Attorney General,* and *James C. Morton, Jr., State's Attorney for Anne Arundel County,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

Gilbert Heath, the driver of an oil truck for the Capital Oil Company, was accused of assaulting, with intent to rape, a young married woman after he made a delivery of oil to her residence near Earleigh Heights, Anne Arundel County, on the afternoon of March 15, 1951. On the following day, he was taken before a magistrate and held for action of the Grand Jury. On April 10, 1951 there was filed in the Circuit Court a paper signed by him and witnessed by his counsel, Oswald C. Robinson, entitled "waiver" but referred to in the body of the instrument as a "petition and suggestion". The paper recited that "there are criminal charges pending against him in this County, in that he is accused of having committed the offense of committing assault with intent to commit rape" upon the prosecuting witness named therein; that the "charge is a felony"; "that he wishes to, and does hereby, waive his right to an indictment by the Grand Jury, and seeks an immediate trial, by the court sitting as a jury, without regard to the terms of court, upon a criminal information filed by the State's Attorney for said county, setting forth the charges against him." On the same day he filed another paper, similarly signed and witnessed, that "receipt is hereby acknowledged of a copy of the indictment or information filed against me in the above entitled case the seventh day of April, 1951." However the docket entries do not

show that any papers were filed until April 10, 1951. The information, filed April 10, 1951 by the State's Attorney, contained three counts, the first charging rape, the second, assault with intent to rape, and the third, assault and battery, in the customary forms used in indictments. The first and second counts each carried the maximum penalty of death. Section 544, Article 27, Code of 1939 and Section 13, Article 27, Code (1947 Suppl.). The third count, based on a common law offense, carried no prescribed maximum penalty.

The docket entries show that the accused was arraigned on April 13, 1951, plead not guilty and elected trial by the court. They show that on the same day he was tried, found not guilty on the first and second counts, guilty on the third count, and sentenced to five years imprisonment in the House of Correction. On April 20 the appearance of Samuel Schenker, as attorney for the traverser, was filed, together with an order for appeal to this court. The docket entries record the entry of appearance but not the order for appeal. On May 3 counsel for the defendant filed a motion to strike the judgment on the grounds (1) that there had been a general verdict of guilty entered on the indictment "although the defendant was found not guilty on the second count * * * and the State moved to quash the first count * * * and the defendant was found guilty on the third count i. e. assault and battery," and (2) "that this court tried the defendant in violation of the 5th amendment to the Constitution of the United States". After hearing on this motion on May 4, the court passed an order dismissing the motion on the ground that the court had no jurisdiction to entertain it after the entry of the appeal on April 20. Counsel have stipulated in this court that at the time of the hearing on the motion the defendant had not been committed in accordance with the sentence imposed on April 13, 1951. It is conceded that the local term of court expired on April 13.

The appellant contends that the court was in error in failing to strike the judgment, although he concedes that

ordinarily the court's jurisdiction is ended after an appeal is filed. Cf. *Thompson v. State,* 184 Md. 555, 556, 42 A. 2d 113; *Dietrich v. Anderson,* 185 Md. 103, 111, 43 A. 2d 186, and *Collier v. Collier,* 182 Md. 82, 32 A. 2d 649. He argues that the judgment was not final because it was based on an erroneous entry of the verdict as guilty on all counts, whereas the verdict was in fact guilty only on the third count. The transcript of the docket entries does not show an erroneous entry of the verdict, but in view of the State's failure to deny the allegations made, we may perhaps assume that a correction was made subsequent to the order for appeal. The appellant does not contend that the court lacked the power to correct an entry erroneously made by the clerk, to make it conform to the fact, even after the expiration of the term. Cf. *Crawford v. Richards,* 193 Md. 236, 241, 66 A. 2d 483, 485. We are not here concerned with an alteration of sentence, as in *State, ex rel. Czaplinski v. Warden,* 196 Md. 654, 75 A. 2d 766 (Cf. Rule 10, Criminal Rules of Practice and Procedure), but merely with the correction of a clerical error. Such a correction could not affect the finality of the judgment and sentence based upon a verdict correctly rendered. There would be no necessity to strike the judgment or enter a new one because of the clerical error in the entry of the verdict. We may note, in passing, that if the judgment was not final and the appeal was premature, as contended, there has been no appeal following the correction. *Thompson v. State, supra.* Under the circumstances we think the ruling of the court on the motion to strike is not properly before us.

The chief contention of the appellant is that the Circuit Court lacked jurisdiction to try him on information and hence the judgment appealed from was improperly entered. He concedes that the point was not raised below prior to the entry of the judgment, but argues that a jurisdictional question may be raised at any stage of a case. He contends that the court lacked jurisdiction because (1) the statute authorizing trial on information

is unconstitutional, and (2) even if constitutional, he did not in terms consent to be tried for any offense except that of attempted rape, on which he was acquitted.

The statute in question is section 637, Article 27 of the Code (1947 Suppl.), as enacted by Chapter 788 of the Acts of 1945. As originally enacted by Chapter 562 of the Acts of 1933, a statewide act, it applied only to misdemeanors and cases where the accused desired to plead guilty. There was a special *proviso* that it did not apply to misdemeanors which might be punishable by death, another, that it did not affect the jurisdiction of justices of the peace, and a third, that it did not affect the right of grand juries to indict. As reenacted in 1945, the section did not apply to Baltimore City or Baltimore County, covered both misdemeanors and felonies, did not require that the accused plead guilty, and provided for a trial either before a jury or the court sitting without a jury. The later act contained the same provisos as the earlier act with respect to magistrates and the right of grand juries to indict. The operative language reads as follows:

"Whenever in any County of the State any person is charged with the commission of a misdemeanor or felony, such accused person, before indictment by the grand jury, shall have the right to file a Petition and Suggestion, signed by him in proper person, with the Clerk of the Circuit Court of said County, setting forth that there is a criminal charge pending against him, that it is a misdemeanor or felony as the case may be under the law of the State of Maryland, or a political sub-division thereof, and that he wishes to waive his right to an indictment by the grand jury and that he seeks an immediate trial by the petit jury, or the Court sitting as a jury, without regard to terms of Court, upon a criminal information filed by the State's Attorney of said County setting forth the charge or charges against him; which petition and suggestion may be signed by the person accused in his proper person or by counsel. * * * Upon the filing of said Petition and Suggestion, the State's

Attorney shall forthwith file a criminal Information against said accused person, which shall be sufficient in form if it clearly apprises the accused of the crime or crimes with which he is charged; the defendant shall then be arraigned and shall plead to the Information in the same manner as to an indictment and the case shall be set for trial, without regard to terms of Court, under the direction and control of the Court, within a reasonable time after the filing of said Information with the view of giving the accused his right to a speedy trial."

Unquestionably the purpose of the statute, as expressed in the clause last quoted, was to enable an accused person to obtain a speedy trial, without waiting (sometimes in jail in default of bond) for action by grand juries which, in most of the counties of the state, meet only twice a year unless specially recalled, and without waiting for the convening of the court and jury at the beginning of each term. It was designed to confer a benefit upon the accused, whereby he could force the State to prosecute its case forthwith.

The appellant contends that Chapter 788 of the Acts of 1945 is invalid under Article III, Section 29 of the Maryland Constitution because of a misleading title. The title states that the Code section is repealed and reenacted "providing that any person charged with a misdemeanor or felony may file a petition in Court, and the Court shall then require the State's Attorney to file Information * * *". The body of the Act does not mention the Court but provides that "the State's Attorney shall forthwith file a criminal Information". We think the difference between requiring the State's Attorney to act on his own initiative, rather than at the Court's direction, is too trivial a detail to invalidate the Act. Indeed, it amounts to the same thing, for if the State's Attorney should neglect his positive duty to file an information, as stated in the body of the Act, the court would have the inherent power to direct him to comply. Conversely, the duty imposed upon the Court in the title is mandatory

and does not call for the exercise of any judicial discretion.

The appellant contends that the Statute is ambiguous, and hence invalid, because Baltimore City and Baltimore County are excluded from the operation of Section 637 by both the title and the text of the Act of 1945, whereas they were both included in the prior enactment. It is sufficient to observe that there is no ambiguity as to Anne Arundel County. If and when the question arises in Baltimore City or Baltimore County it will be time enough to inquire whether the Act of 1933 is still in effect in those political subdivisions, whether the matter is covered by local law, or whether informations are completely barred. Cf. *Atkinson v. Sapperstein,* 191 Md. 301, 309, 60 A. 2d 737. The appellant does not suggest that a statute of this kind must have a state-wide application, and we express no opinion on that point.

The appellant also contends that Section 637 is invalid because it authorizes the trial of all felonies, including capital cases, upon information. He argues that "presentments or indictments for offenses which are punishable by death" are placed in a special class by Article IV, Section 8 of the Maryland Constitution, which deals with suggestions of removal, and that in case of a trial upon information in a capital case a defendant would be precluded from obtaining a mandatory change of venue. Here again, we think the construction of this Section of the Constitution is not before us in the instant case, where no suggestion of removal was filed, but on the contrary the accused affirmatively prayed an immediate trial in the Circuit Court for Anne Arundel County. Hence we need not decide whether Section 8 of Article IV is broad enough to include informations as well as presentments or indictments. Nor need we consider whether an accused seeking trial upon information in a capital case, in reliance upon the statute, could within its terms include in his petition a suggestion for removal to another forum. An accused may have a constitutional

right of removal, where properly asserted; he has no constitutional right to trial upon information.

No constitutional provision expressly guarantees a right to trial upon indictment in this State. *State, ex rel. Butler v. Warden,* 195 Md. 713, 72 A. 2d 741. The Fifth Amendment to the Constitution of the United States does not in terms apply to the states, and the rights there conferred are not implicit in the concept of the Fourteenth Amendment. *Bute v. Illinois,* 333 U. S. 640, 657, 68 S. Ct. 763, 92 L. Ed. 986. Article 21 of the Maryland Declaration of Rights, which refers to "Indictment, or Charge", contains no guarantee as to form, but confers the substantial right to be apprised of the charge on which the accused stands trial. *State v. Glenn,* 54 Md. 572, 605. It is true that jury trial, according to the course of the common law (Article 5, Maryland Declaration of Rights), necessarily includes indictment by the Grand Jury, *Callan v. State,* 156 Md. 459, 144 A. 350; *In re Report of Grand Jury,* 152 Md. 616, 137 A. 370, but common law rights, unlike constitutional rights, are subject to change by the legislature. *Basta v. State,* 133 Md. 568, 105 A. 773. Moreover, the right to indictment, like the right to jury trial itself, may be waived. *Fisher v. Swenson,* 192 Md. 717, 64 A. 2d 124, *certiorari* denied, 337 U. S. 933, 69 S. Ct. 1489, 93 L. Ed. 1740, citing *Rose v. State,* 177 Md. 577, 10 A. 2d 617; *Callan v. State, supra; DeGolyer v. Commonwealth,* 314 Mass. 626, 51 N. E. 2d 251; and *Barkman v. Sanford,* 5th Cir., 162 F. 2d 592, *certiorari* denied, 332 U. S. 816, 68 S. Ct. 155, 92 L. Ed. 393. In the last case it was held that even the constitutional right to indictment, conferred by the Fifth Amendment on persons accused in the Federal courts, could be waived.

The appellant contends that he did not consent to be tried on any charge except that of attempted rape, and hence the trial on the other counts was not in conformity with the statute. The statute could hardly be construed as conferring upon an accused the right to select the charges upon which he might be tried on information, or

as requiring the State's Attorney to split the charges between indictment and information and proceed by information in respect to only part of the offenses charged, or to be charged. We think the language of Section 637, that the accused shall set forth in his petition "that there is a criminal charge pending against him", calls for a full and clear statement of his alleged offense in non-technical language. When the State's Attorney frames in the information "the charge or charges", he may, in proper legal form, use as many counts as may be necessary or appropriate to cover the whole case against the accused, including lesser offenses properly within the scope of the "charge pending". We reach this result by construction of the words of the Statute in the light of its remedial purpose as above stated.

In the instant case, the complaint of the prosecuting witness was that the accused assaulted and beat her with intent to rape. She never alleged that he succeeded in his design, and there was no basis in fact for the charge of rape in the first count. However, the defendant was acquitted on this count, following a motion to quash by the State, and the accused was not injured by trial on that count. We need not consider, therefore, the contention that election by the accused to be tried for a specified offense by information could never justify trial for a more serious offense, of which he was not even accused, in the same manner. We think the third count, on which he was convicted, was fairly within the scope of the accusation and the consent filed. In any event, since it is clear on the record that the accused and his counsel received a copy of the information, either on April 7 or April 10, and prior to his arraignment on April 13, we think his failure to make any objection to the third count prior to the verdict and judgment, in itself, amounted to a waiver. Cf. *Conley v. Warden*, 190 Md. 750, 59 A. 2d 684; *Glickman v. State*, 190 Md. 516, 526, 60 A. 2d 216; *Rose v. State, supra;* and *Lenoir v. State*, 197 Md. 495, 506, 80 A. 2d 3, 8. See also *State v. Batson*, 339 Mo. 298, 96 S. W. 2d 384

(waiver by going to trial on an information improperly substituted for an indictment.) It is generally held that where information statutes require a preliminary examination, such examination is waived by pleading to the information. See note 116 A. L. R. 550.

We have dealt with all the points raised by the appellant, and it is therefore unnecessary to discuss the contention upon which they are predicated, that they could be raised on an issue of jurisdiction, despite the failure to raise them in the trial court, as required by Rule 9 of our Rules and Regulations Respecting Appeals. We have said that "matters of jurisdiction are always before the court, and are exceptions to the general rule that we only consider what has been first passed upon below." *Berlinsky v. Eisenberg*, 190 Md. 636, 640, 59 A. 2d 327, 328. It by no means follows that the points here raised are truly jurisdictional, and we express no opinion on that point.

The appellant makes two further contentions, that the verdict was clearly erroneous under the evidence, and that the sentence imposed a cruel and unusual punishment under Articles 16 and 25 of the Maryland Declaration of Rights. We think the evidence clearly supported the verdict. The prosecuting witness testified that the accused, when he came in the house to obtain a check for the oil delivered, seized her around the neck, pushed her through the dining room into the living room and down on a sofa. He pulled her hair, threatened to kill her if she did not stop screaming, and only left when she told him her husband was due home at any minute. She had her eyes scraped, her neck and shoulders were sore, she had bruises on her body, and her scalp was tender. The accused took the stand and admitted that he put his arm around her, that he had been drinking "but not heavy", and that he "intended to love her a little bit".

We recently discussed the history and limited scope of the constitutional provisions as to cruel and unusual punishment in *Delnegro v. State*, 198 Md. 80, 81 A. 2d

241. In this State there is no statutory limitation upon the amount of punishment in cases of assault and battery, and there was no limitation at common law. *Apple v. State,* 190 Md. 661, 668, 59 A. 2d 509. Cf. *Ison v. Commonwealth,* 190 Ky. 376, 227 S. W. 480. In *Rell v. State,* 133 Me. 322, 9 A. 2d 129, 125 A. L. R. 602, the court said, in sustaining a sentence for assault of from two to four years, that a statute, prescribing a maximum penalty of five years, was merely declaratory of the common law. In 2 Bishop, *Criminal Law* (9th ed.) p. 32, it is said: "Still, from early times, when misdemeanors were punished by whatever fine or imprisonment the judge might deem it right to impose, it has been the judicial habit to look upon assaults as more or less aggravated by such attendant facts as appealed to the discretion for a heavy penalty. * * * An assault is deemed to be more or less enormous according to the facts of the particular case." In the instant case we think the circumstances of the assault were such as to bring it within the discretion of the trial court and not to violate the constitutional provisions.

*Judgment affirmed, with costs.*