956 A.2d 155

Steven STUBBS

v.

STATE of Maryland.

No. 86, Sept. Term, 2007.

Court of Appeals of Maryland.

Sept. 9, 2008.

Nancy S. Forster, Public Defender, Baltimore, for petitioner.

Brian S. Kleinbord, Asst. Atty. Gen. (Douglas F. Gansler, Atty. Gen., of Maryland, Baltimore), on brief, for respondent.

Argued before BELL, C.J.,* RAKER, HARRELL, BATTAGLIA, GREENE, MURPHY and DALE R. CATHELL (Retired, specially assigned), JJ.

MURPHY, J.

By Chapter 130, Acts of 2004, Maryland's Consolidated Theft Statute was amended to add the offense of theft of property or services with a value of less than $100 ("theft under $100").  It is clear from the legislative history that this offense was created (in the words of the FLOOR REPORT of Senate Bill 513, which was passed by the General Assembly and signed by the Governor on April 27, 2004) "in an attempt to keep some relatively minor theft-related cases before the District Court."  It is also clear that the General Assembly

---

* Raker, J., now retired, participated in the hearing and conference of this case while an active member of this Court;  after being recalled pursuant to the Constitution, Article IV, Section 3A, she also participated in the decision and adoption of this opinion.

intended that, unless this new offense was *specifically charged by the State,* the offense of theft under $100 would *not* be a lesser included offense of theft of property or services with a value of less than $500 ("theft under $500"). The following provisions have been "on the books" since October 1, 2004:

Section 7–104(g) of the Criminal Law Article, in pertinent part, provides:

(2) Except as provided in paragraphs (3) and (4) of this subsection, a person convicted of theft of property or services with a value of less than $500, is guilty of a misdemeanor and:

(i) is subject to imprisonment not exceeding 18 months or a fine not exceeding $500 or both; and

(ii) shall restore the property taken to the owner or pay the owner the value of the property or services.

(3) A person convicted of theft of property or services with a value of less than $100 is guilty of a misdemeanor and:

(i) is subject to imprisonment not exceeding 90 days or a fine not exceeding $500 or both; and

(ii) shall restore the property taken to the owner or pay the owner the value of the property or services.

* * *

Section 7–103 of the Criminal Law Article, in pertinent part, provides:

(a) *"Value" defined.*—In this section, "value" means:

(1) the market value of the property or service at the time and place of the crime; or

(2) if the market value cannot satisfactorily be ascertained, the cost of the replacement of the property or service within a reasonable time after the crime.

* * *

(e) *When value cannot be determined.*—(1) For the purposes of determining whether a theft violation subject to either § 7–104(g)(1) or (2) of this subtitle has been commit-

ted, when it cannot be determined whether the value of the property or service is more or less than $500 under the standards of this section, the value is deemed to be less than $500.

(2) For the purposes of determining whether a theft violation subject to either § 7–104(g)(2) or (3) of this subtitle has been committed, when it cannot be determined whether the value of the property or service is more or less than $100 under the standards of this section, the value is deemed to be less than $100.

Section 7–108 of the Criminal Law Article, in pertinent part, provides:

(d) *Lesser included crime status not available unless charged.*—Unless specifically charged by the State, theft of property or services with a value of less than $100 as provided under § 7–104(g)(3) of this subtitle may not be considered a lesser included crime of any other crime.

Section 7–110(b)of the Criminal Law Article, in pertinent part, provides:

(2) It is not a defense to the crime of theft of property or services with a value of less than $100 as provided under § 7–104(g)(3) of this subtitle that the value of the property or services at issue is $100 or more.

The case at bar presents the question of whether the 2004 amendments had the unintended consequences of (1) requiring the State to prove that a defendant charged only with theft under $500 stole at least $100 worth of property or services, or (2) limiting the maximum sentence that can be imposed on a defendant convicted of theft under $500 when the evidence presented at trial establishes that the stolen property was worth less than $100. For the reasons that follow, we hold that if a defendant has not been specifically charged with theft under $100, (1) the defendant cannot be convicted of that offense, (2) a conviction for theft under $500 does not require proof that the defendant stole property or services worth at least $100, and (3) the penalty for theft under $100 does not

limit the sentence that can be imposed on the defendant convicted of theft under $500.

## Background

In the District Court of Maryland, sitting in Anne Arundel County, Steven Stubbs, petitioner, was charged by Uniform Criminal Citation with the crime of theft of property with a value of less than $500. The citation issued to petitioner contained the following assertions:

It is formally charged that [petitioner] on October 12, 2006 at 4:09 p.m. at Home Depot, 66 Mountain Rd. Glen Burnie, Anne Arundel County, Maryland did steal property of Home Depot having a value $139.86 less than $500, in the violation of CL 7–104 of the Annotated Code of Maryland.

All events occurred in Anne Arundel County.

Petitioner was convicted in the District Court, noted a timely appeal, and received a *de novo* trial in the Circuit Court for Anne Arundel County. During the Circuit Court proceeding, the State's case consisted of a single witness—Mr. Frank Blume, a Home Depot loss prevention officer, who testified that he saw petitioner steal a set of wrenches. The prosecutor did not ask Mr. Blume any questions about the value of the wrenches.

The following transpired at the conclusion of the State's case-in-chief:

[Defense counsel]: At this time I would like to make a motion for judgment of acquittal in this matter. It's a sole count of theft under $500. Your Honor, I do not believe that the State's Attorney, I realize even though in the light most favorable to the State at this time, I don't believe that they have met their burden of proof.

I would draw the Court's attention that under 7–103, determination of value, there was no value presented here today in this case at all. Not once did the witness testify as to what the value of the wrenches were. Specifically, it says if a value can't be determined if it's a theft under that would be, and I'm looking at three, 7–103(3)(e) and it

does under when value cannot be determined and then it lists basically when it's the theft, or the value of the property is more or less than $500 under the standard section it's deemed to be less than $500 and again then—

THE COURT: Could you say that again, more slowly, please.

[Defense counsel]: Sure. It says when the value cannot be determined for purposes of determining whether a theft violation is subject to 7–104(g)(1) or (g)(2), which would be the general theft provision of theft under $500 and theft under $100, it indicates that whether the value of the property or service is more or less than $500 under the standards of this section the value is deemed to be less than $500.

Then it goes on to subsection (2) and it says for purposes of determining whether a theft violation is subject again to the same 7–104(g)(2) or (3), which excuse me would then be the theft under $100, it's then whether the value of the property or service is more or less than $100 under the standard of this section, the value is deemed to be less than $100.

Not at any time did the witness testify as to what the value was of the wrench set, Your Honor. And I don't believe they've met their burden of proof.

\* \* \*

[The Prosecutor]: Your Honor, he's only charged with theft under $500. This is not for the felony. So by not showing any value it is deemed to be the misdemeanor and not the felony, which of course he's not even charged with that.

So I would argue to the Court that I didn't have to show a value for the charge that he's charged with.

After the Circuit Court denied petitioner's motion for judgment of acquittal, petitioner's trial counsel called Mr. Blume as a defense witness, and "rested" after Mr. Blume testified

that the stolen property was "worth $69.93." The following transpired at this point:

> [Defense Counsel]: Your Honor, I would renew again a motion and evidence I presented in a motion for judgment of acquittal in the statements made ... in regards to determination of value, I will draw the Court's attention again to 7–103.

* * *

> THE COURT: 7–103(e)?
>
> [Defense counsel]: Yes. (e) and then (1) and then also (2).
>
> THE COURT: 7–103(e). Okay. (e) When it cannot be determined whether the value of the property or service is more or less than $500, under the standards of this section the value is deemed to be less than $500. Okay.
>
> [Defense counsel]: And then subsection (2) of that as well.

* * *

> THE COURT: Okay. For the purpose of determining whether a theft violation subject to either 7–104(g)(2) or (3) of this subtitle have been committed, when it cannot be determined whether the value of the property or service is more or less than $100, under the standards of this section the value is deemed to be less than $100. 7–104(g)(2) and (3) is, oh, okay. What is your argument?
>
> [Defense counsel]: Your Honor, in subsection 7–104(g)(2) and (g)(3), (g)(2) relates to theft under $500 and (g)(3) relates to theft under $100. We feel that it's been improperly charged, although it is up to the officer with the initial citation, the State's attorney, the prosecutor is the one who prosecutes this case. They are the ones who did the charging document. They are the ones who make the final decision. And oftentimes as this Court is well aware, charges in District Court become different charges if they're forwarded to Circuit Court.
>
> At times, different state's attorneys will view it differently. What I'm saying to this Court is that the value of

this one wrench set that was turned back to Home Depot was $69.93, that's the testimony we have from Mr. Frank Blume, clearly under $100.

So Your Honor, based on the fact that this charges theft under $500 I don't think the State has met its burden of proof in establishing that. It should have been charged as theft under $100. . . . I don't believe the State has met its burden beyond a reasonable doubt to find [appellant] guilty of theft under $500. And we would ask this Court to dismiss this case.

\* \* \*

THE COURT: All right. Well on your argument that they have incorrectly charged, assuming that the charging document is just the one count of theft under $500, actually I'm not assuming that, State you've indicated that's the case.

And my reading of the statute is that anything under $500, any amount, even $2 or $3 you would be able to charge theft under $500.

And then going back to your previous argument under subsection (e), I would simply say that this is not a case where [no one] can determine what the value of the property is. In fact, the defense has put in the value of the property as $69. So those sections wouldn't apply.

So I would deny your request to dismiss the case on that basis.

The record shows that petitioner's trial counsel requested that the court "give him a suspended sentence[,]" but did not argue that, because the set of wrenches was worth less than $100, petitioner was subject to imprisonment not exceeding 90 days or a fine not exceeding $500, or both. The Circuit Court imposed an 18 month sentence, with all but 12 weekends suspended on condition that petitioner successfully complete a period of 3 years probation. Petitioner thereafter filed a Petition for Writ of Certiorari, in which he presented this Court with a single question:

May a Defendant be convicted of and punished for Theft under Five–Hundred Dollars under Md.Crim. Proc.Code Ann., § 7–107(g)(2) when the value established for the stolen property is under one-hundred dollars and may the court impose a sentence in excess of that authorized for the charge of Theft under One–Hundred Dollars under Md. Crim. Proc.Code Ann., § 7–104(g)(3)?

For the reasons that follow, we shall affirm the judgment of the Circuit Court.

## Discussion

The issues presented in the case at bar require that we interpret the above quoted provisions of the Consolidated Theft Statute. In *Smith v. State*, 399 Md. 565, 924 A.2d 1175 (2007), this Court stated:

Our goal, when interpreting statutes, is to "identify and effectuate the legislative intent underlying the statute(s) at issue." *Gilmer v. State*, 389 Md. 656, 662, 887 A.2d 549, 553 (2005); *Cain v. State*, 386 Md. 320, 327, 872 A.2d 681, 685 (2005); *Derry v. State*, 358 Md. 325, 335, 748 A.2d 478, 483 (2000); *Pete v. State*, 384 Md. 47, 57 –58, 862 A.2d 419, 425 (2004); *Graves v. State*, 364 Md. 329, 345, 772 A.2d 1225, 1235 (2001). *See also Harris v. State*, 331 Md. 137, 148–49, 626 A.2d 946, 951 (1993) (" '[T]he search for [legislative] intent is most accurately described as an effort to discern some general purpose, aim, or policy of the statute.' "); *In re Keith G.*, 325 Md. 538, 542, 601 A.2d 1107, 1109 (1992); *Mustafa v. State*, 323 Md. 65, 73, 591 A.2d 481, 485 (1991) ("Our focus is, therefore, centered upon the statute's policy or purpose."). The best source of legislative intent is the statute's plain language, and when the language is clear and unambiguous, our inquiry ordinarily ends there. *Gilmer*, 389 Md. at 663, 887 A.2d at 553; *Cain*, 386 Md. at 327, 872 A.2d at 685; *Pete*, 384 Md. at 57–58, 862 A.2d at 425; *Drew*, 379 Md. at 327, 842 A.2d at 6; *Whack v. State*, 338 Md. 665, 672, 659 A.2d 1347, 1350 (1995); *State v. Thompson*, 332 Md. 1, 6–7, 629 A.2d 731, 734 (1993). "In the interest of completeness, however, we may look at the purpose of the statute and compare the result obtained by use of its plain

language with that which results when the purpose of the statute is taken into account." *Harris v. State,* 331 Md. 137, 146, 626 A.2d 946, 950 (1993). *See also Robey v. State,* 397 Md. 449, 454, 918 A.2d 499, 502 (2007); *Stanley v. State,* 390 Md. 175, 185, 887 A.2d 1078, 1084 (2005). In other words, the resort to legislative history is a confirmatory process; it is not undertaken to seek contradiction of the plain meaning of the statute. *Robey,* 397 Md. at 454, 918 A.2d at 502; *Stanley,* 390 Md. at 185, 887 A.2d at 1084. In such instances, we may find useful the context of a statute, the overall statutory scheme, and archival legislative history of relevant enactments. *Robey,* 397 Md. at 454, 918 A.2d at 502. *Id.* at 578–79, 924 A.2d at 1182.

## I.

We hold that, under the plain language of the Consolidated Theft Statute, a defendant charged with theft under $500—but not charged with theft under $100—is not entitled to a judgment of acquittal on the ground that the State has failed to establish that the defendant stole property worth at least $100. This holding is confirmed by the following legislative history.

The 2004 amendments to the Consolidated Theft Law resulted from the Report and Recommendations filed by the *Ad Hoc* Committee on Jury Trial Prayers (the *Horne* Committee) in November of 2003, the **Introduction** of which included the following background information:

In May 2003, the Conference of Circuit Judges requested that Chief Judge Bell form an ad hoc committee to examine the issue of jury trial prayers emanating from the District Court. As a result, the Chief Judge formed a committee chaired by Judge William S. Horne, Circuit Court for Talbot County[.]

\* \* \*

Jury trial demands from the District Court is not a new issue and one that has been the subject of on-going concern and discussion in Maryland for 25 years.

- September 1978, Karwacki Committee to Study Supreme Bench Caseload Increase

\* \* \*

- October 1987, Ciotola Committee on District Court Jury Trial Prayers

\* \* \*

- 1996 Commission on the Future of Maryland Courts

\* \* \*

- 2002, The Article 27 Revision Committee unsuccessfully proposed legislative changes in penalties associated with certain misdemeanor offenses for purposes of retaining jurisdiction in the District Court.

The *Committee Deliberations and Recommendations* section of the *Horne* Committee's Report and Recommendations included the following recommendations:

Enhanced Prosecutorial Discretion

While the committee recognized that if the State had fuller discretion for charging in certain misdemeanors and serious traffic cases might result in more of these matters being resolved at the District Court level, it found itself divided on an appropriate approach. The committee recommended in a 6 to 4 vote to establish a penalty dichotomy of "A" and "B" categories for certain misdemeanors with one carrying the present statutory penalty, and the other limiting the penalty to less than 90 days imprisonment and/or a fine of less than $500.... Such a dichotomy not only will enable individual State's Attorney's Offices to evaluate and screen these cases, but it will rest this authority with an elected official accountable directly to the constituency within a political subdivision. The committee's recommendation will require legislation to enact the proposed change.

Review of Criminal Penalties

[T]he committee recommended consideration for a reduction of certain penalties below the jury right threshold.

Specifically, the committee supported the establishment of a 3rd degree assault category excluding domestic violence and theft/bad check under $100. With respect to the question that the exclusion of domestic violence from the establishment of a 3rd degree assault may violate equal protection, Judge Horne provided the committee with a letter of advice from the Office of the Attorney General indicating that such an exclusion would be constitutional (Appendix VIII—Letter of Advice). This recommendation will require legislation to enact the proposed changes.

The FLOOR REPORT on Senate Bill 513 includes the following information:

**SUMMARY OF BILL:**

The bill establishes new sentencing penalties and procedures for certain existing theft, bad check, and credit card offenses, where the value of the goods, services, and other property involved in the offense is less than $100.

\* \* \*

A person convicted of these offenses with a value of less than or not exceeding $100 (depending on the offense) is guilty of a misdemeanor and is subject to a maximum penalty of 90 days imprisonment and/or a $500 fine.

\* \* \*

Unless specifically charged by the State, these offenses may not be considered a lesser included crime of any other crime.

\* \* \*

**BACKGROUND:**

This bill is one of several that the Maryland Judicial Conference requested be introduced in the 2004 session in an effort to reduce the number of jury trials held in circuit court.

* * *

Jury demands have again increased significantly. . . . Consequently, at the request of the Conference of Circuit Judges, Chief Judge Bell of the Court of Appeals established an ad hoc committee, chaired by Judge William S. Horne, to study the issue and recommend possible solutions. Unlike the previous committees that studied this issue, which were composed almost exclusively of judges, this committee included representatives of all sectors of the criminal justice system.

Our holding is also consistent with *Waye v. State*, 231 Md. 510, 191 A.2d 428 (1963), in which this Court reaffirmed the proposition that the giving of a worthless check may be prosecuted under either the False Pretenses Act (then, Art. 27, § 140) or under the Worthless Check Act (then, Art. 27, § 142). *Id.* at 516, 191 A.2d 428. In the case at bar, because the State was not required to prove that the stolen wrench set was worth at least $100, the evidence was sufficient to support petitioner's conviction for theft under $500.

■ We also hold that, pursuant to § 7–108 of the Criminal Law Article, unless a defendant charged with theft under $500 is also specifically charged with theft under $100, the trial court is prohibited from entering a judgment of conviction for theft under $100. This holding is consistent with *People v. Campbell*, 129 Cal.Rptr.2d 601, 104 Cal.App.4th Supp. 1 (2002), in which the appellate division of the Los Angeles County Superior Court held that the trial court was not authorized to reduce a misdemeanor charge of petty theft to an infraction. *Id.* at 3.

Under § 490.1(a) of the California Penal Code, the theft of property worth $50 or less "may be charged as a misdemeanor or an infraction, at the discretion of the prosecutor, provided that the person charged with the offense has no other theft or theft-related conviction." An infraction is not punishable by imprisonment. In *Campbell*, the defendant was charged with a misdemeanor, but—over the prosecutor's objection—the trial court reduced the charge to an infraction. The appellate

court reversed that ruling and remanded for further proceedings, stating:

> If the Legislature had intended to empower the trial court to override the discretionary power that it specifically bestowed only upon the prosecutor with respect to section 490.1, it would have said so.

*Id.* at 6.

In the case at bar, the Circuit Court was correct in finding petitioner guilty of theft under $500 because, under § 7–108 of the Criminal Law Article, the defendant who has not been *specifically charged* with theft under $100 cannot be convicted of that offense.

## II.

Petitioner argues in the alternative that, when the evidence establishes that the stolen property has a value of less than $100, the defendant convicted of theft under $500 cannot receive a more severe penalty than the penalty for a conviction of theft under $100.[1] According to petitioner, this argument is controlled by *Waye, supra,* in which this Court also decided several questions that arose as a result of a 1955 amendment to the Worthless Check Act that reduced—to a fine of not more than $50 or imprisonment for not more than 18 months, or both—the maximum penalties that could be imposed on a person who used a worthless check to obtain property valued at less than $100. The *Waye* Court stated:

> Did the amendment of § 142 amend, by implication, § 140 to the extent that when a worthless check is involved and the value of the property obtained is less than $100, then the prosecution must be under § 142 and not under § 140? Did the Legislature intend to limit the penalty under the above circumstances if the prosecution be brought under § 142, but permit the higher penalty (up to ten years, and

---

1. Although this argument was not presented to the Circuit Court, the issue of whether the trial court imposed an illegal sentence can be raised for the first time in an appellate court. *Walczak v. State,* 302 Md. 422, 427, 488 A.2d 949, 951 (1985).

contrary to the above-quoted provisions of § 142), if, under identical facts, the prosecution be brought under § 140? These questions must be answered in deciding the case.

Repeals by implication are not favored. The amendment of § 142, in 1955, did not, we think, amend by implication § 140 to the extent that if a worthless check be involved and the property obtained be valued at less than $100, the prosecution is limited to § 142. We, therefore, hold that under such circumstances the prosecution may, as heretofore, be brought under either section. However, we do not believe that the Legislature intended to create such an anomalous and incongruous situation as to limit the penalty, when a worthless check and property valued at less than $100 are involved, to $50 and eighteen months' confinement when the prosecution is under § 142, but to permit a much higher and more severe penalty under identical facts simply because someone decides to bring the prosecution under § 140. We, therefore (without considering possible constitutional aspects that a contrary ruling might produce), hold that the amendment of § 142 in 1955 amended, or modified, § 140 to the extent that when there is a conviction under § 140 for the giving of a worthless check and the property obtained is valued at less than $100, the maximum penalty that may be imposed is a fine of $50 and eighteen months' imprisonment. Compare Chapter 616 of the Acts of 1961, Section 109(13).

The above means that the convictions in these cases where the property obtained was less than $100 in each case will be sustained, but the cases will be remanded without affirmance or reversal, so that proper sentences may be imposed (said sentences to be whatever the trial judge deems meet and proper, not, however, to exceed a $50 fine and eighteen months' imprisonment).

*Id.* at 516–17, 191 A.2d 428. Petitioner argues (in the words of his brief):

The "constitutional aspects" here of allowing the trial judge's ruling and sentence to remain intact are significant. The trial judge's holding would grant prosecutors the unfet-

tered discretion to charge under two provisions of § 7–104(g) having identical elements but different penalties. This type of unchecked discretion presents very real equal protection and due process concerns under the Fourteenth Amendment to the United States Constitution as well as under Articles 5 and 24 of the Maryland Declaration of Rights.

■ We are persuaded, however, that the prosecutorial discretion expressly authorized by the General Assembly does not deny either due process or equal protection to persons who steal property that has a value of less than $100.

In the case at bar, unlike the situation in *Waye*, there can be no doubt about what the Legislature intended. It is certain that, by enacting § 7–108 of the Criminal Law Article, the Legislature intended to limit the penalty for theft under $100 *only* when the defendant has been specifically charged with that offense. As to the "possible constitutional aspects" that we did not consider in *Waye*, in *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979), the United States Supreme Court expressly rejected the argument that if two statutes (1) proscribe the very same conduct, and (2) require the very same elements of proof, a defendant convicted of violating either statute can only be sentenced to the maximum penalty under the more lenient statute.

In *Batchelder*, a previously convicted felon was convicted in the United States District Court for the Southern Division of Illinois of receiving a firearm in interstate commerce, in violation of 18 U.S.C. § 922(h), and was sentenced to imprisonment for five years. On appeal, the defendant argued "that his constitutional rights were violated because he received a five-year sentence under 18 U.S.C. § 922(h) whereas the identical offense is proscribed by 18 U.S.C.App. § 1202(a), which carries a lesser penalty." *United States v. Batchelder*, 581 F.2d 626, 628 (7th Cir.1978). A divided panel of the United States Court of Appeals for the Seventh Circuit agreed with that argument, and remanded for resentencing. The majority opinion stated:

Defendant's argument is that two statutes that proscribe the same offense and require identical proof cannot subject an offender to different penalties.... We ... conclude that it is impermissible to sentence a defendant for five years under Section 922(h) when he could receive only a two-year maximum sentence under Section 1202(a).

*Id.* at 629.

The United States Supreme Court granted certiorari, reversed the Court of Appeals and reinstated the sentence imposed by the District Court. *United States v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). Writing for a unanimous Court, Justice Marshall stated:

That Congress intended to enact two independent gun control statutes, each full enforceable on its own terms, is confirmed by the legislative history of the Omnibus Act.

\* \* \*

This Court has long recognized that when an act violates more than one criminal statute, the Government may [prosecute] under either so long as it does not discriminate against any class of defendants.

\* \* \*

The Court of Appeals acknowledged this "settled rule" allowing prosecutorial choice. 581 F.2d at 632. Nevertheless, relying on the dissenting opinion in *Berra v. United States*, 351 U.S. 131, 76 S.Ct. 685, 100 L.Ed. 1013 (1956), the court distinguished overlapping statutes with identical standards of proof from provisions that vary in some particular. 581 F.2d at 632–633. In the court's view, when two statutes prohibit "exactly the same conduct," the prosecutor's "selection of which of two penalties to apply" would be "unfettered." *Id.*, at 633, and n. 11. Because such prosecutorial discretion could produce "unequal justice," the court expressed doubt that this form of legislative redundancy was constitutional. *Id.*, at 631. We find this analysis factually and legally unsound.

.... [A] decision to proceed under § 922(h) does not empower the Government to predetermine ultimate criminal sanctions. Rather, it merely enables the sentencing judge to impose a longer prison sentence than § 1202(a) would permit and precludes him from imposing the greater fine authorized by § 1202(a). More importantly, there is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements. In the former situation, once he determines that the proof will support conviction under either statute, his decision is indistinguishable from the one he faces in the latter context. The prosecutor may be influenced by the penalties available upon conviction, but this fact, standing alone, does not give rise to violation of the Equal Protection or Due Process Clause.... Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution neither is he entitled to choose the penalty scheme under which he will be sentenced.

442 U.S. at 119–125, 99 S.Ct. at 2204–05.

We recognize that a penalty scheme that does not violate the federal constitution may nonetheless violate Article 24 of the Maryland Declaration of Rights. In the case at bar, however, we hold that Justice Marshall's analysis in *Batchelder* is applicable to petitioner's Article 24 argument. To hold otherwise would be inconsistent with this Court's holding in *Lloyd v. State*, 219 Md. 343, 149 A.2d 369 (1959).

Before the District Court of Maryland was established in 1971, because of statutory limitations on sentences that could be imposed by a justice of the peace, by a magistrate, and/or by a judge of the Municipal Court for Baltimore City, a prosecutor's "choice of forum" could determine the maximum sentence for certain offenses that could have been—but need not have been—tried before courts of limited jurisdiction.

In *Lloyd, supra,* the appellant was convicted of assaulting his wife and was sentenced to imprisonment for a period of eighteen months. Although the appellant was originally charged with this offense in magistrate's court, the State prayed a jury trial,[2] and the case was transferred to the Criminal Court of Baltimore. Before this Court, the appellant argued that the sentence imposed by the Criminal Court of Baltimore was "illegal" because (1) he was originally charged in magistrate's court, and (2) under § 410 of the Charter and Public Local Laws of Baltimore City, if he had been convicted in that court, the maximum sentence that could have been imposed was a fine not exceeding $100 or imprisonment not exceeding one year. This Court rejected that argument, stating:

> The sentence for the assault and battery on his wife was not illegal and did not, as the defendant contends, subject him to cruel and unusual punishment.

> \* \* \*

> The defendant contends that for the assault and battery on his wife he should not have been fined more than $100 or imprisoned in excess of one year instead of the sentence of eighteen months he received. Citing *Heath v. State,* [198 Md. 455, 85 A.2d 43 (1951) ], [common law rights are subject to change by the legislature], he insists that the unlimited common law penalty for assault and battery was superseded by the penalty fixed by § 140, *supra,* as amended. We do not agree.

> Section 410, *supra,* as amended, fixed only the jurisdiction of the police magistrates in Baltimore City and did not in any way affect, alter or modify the power and authority of the Criminal Court of Baltimore to impose punishment for the common law offense of simple assault and battery.

---

**2.** The legislation that established the District Court included a provision that prohibited the State from "demanding" a jury trial in any criminal or traffic case. That prohibition currently appears in § 4–302(e)(iii) of the Courts and Judicial Proceedings Article. Under Md. Rule 4–246(a), "in the circuit court ..., the State may not elect a trial by jury."

**54**

[W]e think it is clear that § 140, *supra,* as amended, did no more than fix the maximum penalty that a police magistrate has authority to impose upon a person brought before *him* charged with assault and battery. When the prosecuting officer prayed a jury trial, as he had a right to do under the statute, the police magistrate was thereby divested of any further jurisdiction over the defendant, who, by operation of law, immediately became subject to the jurisdiction of the Criminal Court of Baltimore as fully and effectually as if it had acquired jurisdiction originally.

219 Md. at 351–53, 149 A.2d at 374–75.

For the reasons stated above, we sustain both the conviction for theft under $500 and the sentence that exceeded the maximum penalty for theft under $100.

**JUDGMENT AFFIRMED; PETITIONER TO PAY THE COSTS.**