71 A.3d 13

Kevin C. ALSTON

v.

STATE of Maryland.

No. 109, Sept. Term, 2005.

Court of Appeals of Maryland.

June 26, 2013.

As Modified on Reconsideration Aug. 16, 2013.

Amy E. Brennan, Assistant Public Defender (Nancy S. Forster, Public Defender, on brief), Baltimore, MD, for Petitioner.

Celia Anderson Davis, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General of Maryland, on brief), Baltimore, MD, for Respondent.

Argued before BELL, C.J., RAKER,* WILNER,* CATHELL,* HARRELL, BATTAGLIA and GREENE, JJ.

BELL, C.J.

The petitioner, Kevin C. Alston, was arrested and subsequently charged with multiple counts of possession of a regulated firearm by a person with a prior conviction,[1] and a single

---

\* Raker, J., Wilner, J. and Cathell, J., each now retired, participated in the hearing and conference of this case while active members of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, they also participated in the decision and adoption of this opinion.

1. When the defendant was charged, there, arguably, were two statutes pursuant to which the charges could have been brought: Maryland Code (1957, 1996 Repl.Vol., 2002 Supp.) Article 27, § 445(d) and Maryland Code (2002) § 5–622(b) of the Criminal Law Article ("CL"). Section 445(d) provided:

"A person may not possess a regulated firearm if the person:
"(1) Has been convicted of:
 "(i) A crime of violence;
 "(ii) Any violation classified as a felony in this State;
 "(iii) Any violation classified as a misdemeanor in this State that carries a statutory penalty of more than 2 years; or
 "(iv) Any violation classified as a common law offense where the person received a term of imprisonment of more than 2 years.
"(2) Is:
 "(i) A fugitive from justice;
 "(ii) A habitual drunkard;

count of wearing and carrying a handgun, pursuant to Maryland Code (1957, 1996 Repl.Vol.) Article 27, § 36B.[2] The petitioner was tried, by jury, in the Circuit Court for Baltimore City. During the trial, the petitioner and the State stipulated that the petitioner had previously been convicted of a crime, distribution of a controlled dangerous substance, that

---

"(iii) Addicted to or a habitual user of any controlled dangerous substances;

"(iv) Suffering from a mental disorder as defined in § 10–101(f)(2) of the Health–General Article and has a history of violent behavior against another person or self, or has been confined for more than 30 consecutive days to a facility as defined in § 10–101 of the Health–General Article, unless the person possesses a physician's certification that the person is capable of possessing a regulated firearm without undue danger to the person or to others; or

"(v) A respondent against whom a current non ex parte civil protective order has been entered under § 4–506 of the Family Law Article.

"(3) Is less than 30 years of age at the time of possession and has been adjudicated delinquent by a juvenile court for committing:

"(i) A crime of violence;

"(ii) Any violation classified as a felony in this State; or

"(iii) Any violation classified as a misdemeanor in this State that carries a statutory penalty of more than 2 years."

CL section 5–622(b), too, proscribed possession of a regulated firearm by certain persons:

"(b) A person may not possess, own, carry, or transport a firearm if that person has been convicted of:

"(1) A felony under this title;

"(2) A crime under the laws of another state or of the United States that would be a felony under this title if committed in this State;

"(3) Conspiracy to commit a crime referred to in paragraphs (1) and (2) of this subsection; or

"(4) An attempt to commit a crime referred to in paragraphs (1) and (2) of this subsection."

Formerly Maryland Code (1957, 1996 Repl.Vol.) Article 27, § 291A, and substantively identical, § 5–622 took effect just prior to the commission of this alleged offense, on October 1, 2002. See Acts 2002, ch. 26, § 2.

2. "(b) Any person who shall wear, carry, or transport any handgun, whether concealed or open, upon or about his person, and any person who shall wear, carry or knowingly transport any handgun, whether concealed or open, in any vehicle traveling upon the public roads, highways, waterways, or airways or upon roads or parking lots generally used by the public in this State shall be guilty of a misdemeanor; and it shall be a rebuttable presumption that the person is knowingly transporting the handgun...." By Acts 2002, ch. 26, eff. Oct. 1, 2002, this statute was repealed and recodified as Maryland Code (2002), § 4–203 of the Criminal Law Article.

prohibited his possession of a regulated firearm.[3] Accordingly, the jury was asked to decide only whether the petitioner possessed a firearm, not to determine the nature of, or the circumstances surrounding, the petitioner's previous conviction, *i.e.*, whether it was violent. The jury returned a verdict convicting the petitioner of the handgun offense and two counts of possession of a regulated firearm by a person with a prior conviction.[4]

At the sentencing hearing, the petitioner argued that the penalty provision of Maryland Code (2002) § 5–622 of the Criminal Law Article ("CL"), rather than Article 27, § 449(e), was the applicable provision. The trial court rejected that argument. Instead, on August 13, 2003, the trial court sentenced the petitioner as follows: for one of the possession counts, to the enhanced sentence prescribed by Maryland Code (1957, 1996 Repl.Vol., 2002 Supp.) Article 27, § 449(e),[5]

---

3. The prior conviction was pursuant to Maryland Code (1957, 1996 Repl.Vol.) Art. 27, § 286. That section makes it unlawful, § (a)(1), and a felony, § (b), "for any person to ... distribute ... a controlled dangerous substance." By Acts 2002, ch. 26, § 1, effective October 1, 2002, this statute was repealed and recodified as §§ 5–602 to 5–609, 5–612 and 5–613 of the Criminal Law Article.

4. These convictions were predicated on the petitioner's violation of Article 27, § 445(d)(1)(ii). The other two possession counts had been dismissed, pre-trial, by the trial court. As we have seen, the petitioner's conduct also violated CL § 5–622, which, like Article 27, § 445(d)(1)(ii), proscribes the possession of regulated firearms by a convicted felon.

5. As was the case with charging, there arguably were at least two penalty statutes that could have applied to the petitioner's case: Maryland Code (1957, 1996 Repl.Vol., 2002 Supp.) § 449(e), and CL § 5–622(c). Section 449(e) provides:

"Illegal possession of a firearm with certain previous convictions.-A person who was previously convicted of a crime of violence as defined in § 441(e) of this article or convicted of a violation of § 286 or § 286A of this article, and who is in illegal possession of a firearm as defined in § 445(d)(1)(i) and (ii) of this article, is guilty of a felony and upon conviction shall be imprisoned for not less than 5 years, no part of which may be suspended and the person may not be eligible for parole.

Section 5–622(c), on the other hand, provides: "A person who violates this section is guilty of a felony and on conviction is subject to imprisonment not exceeding 5 years or a fine not exceeding $10,000 or

five years without the possibility of parole; for the other possession count, pursuant to § 445(d)(1)(iii),[6] a consecutive two year sentence; and, for wearing and carrying a handgun, two years concurrent.

The petitioner's timely appeal to the Court of Special Appeals resulted in the vacation, as duplicitous, of the conviction and sentence for possession of a regulated firearm by a person previously convicted of a misdemeanor. *Alston v. State,* 159 Md.App. 253, 274, 858 A.2d 1100, 1112 (2004). On the other hand, the intermediate appellate court rejected the petitioner's argument that he erroneously had been sentenced pursuant to Article 27, § 449(e). The court reasoned:

> "The appellant maintains that, because he could have been convicted under [Criminal Law Article] section 5–622 for the same conduct for which he was convicted under section 445(d)(1)(ii) of Article 27, and a conviction under [Criminal Law Article] section 5–622 would have carried a prison sentence of no more than five years, without a non-eligibility for suspension or parole requirement, under the 'rule of

---

both." Section 449(e) has been repealed and re-codified as Maryland Code (2003) § 5–133(c) of the Public Safety Article ("PS"). See Acts 2003, ch. 5, effective October 1, 2003. Each violation shall be considered a separate offense."

A third statute could be added if, upon interpretation, it were to be determined that § 449(e) does not apply. In that event, Art. 27, § 449(f) would apply, with, however, a different, but similar, disparity to section 5–622(c). While the sanction prescribed by both statutes are the same or substantively similar, one, § 449(f), designates the crime of possession a misdemeanor, rather than a felony.

**6.** "(d) A person may not possess a regulated firearm if the person: (1) Has been convicted of . . . (iii) Any violation classified as a misdemeanor in this State that carries a statutory penalty of more than 2 years[.]" Because this sentence clearly was not imposed pursuant to § 449(e), it necessarily must have been imposed pursuant to § 449(f), which applies in the case of individuals whose record does not consist of "certain previous convictions." It provides:

> "[e]xcept as otherwise provided in this section, any dealer or person who knowingly participates in the illegal sale, rental, transfer, purchase, possession, or receipt of a regulated firearm in violation of this subheading shall be guilty of a misdemeanor and upon conviction shall be fined not more than $10,000 or imprisoned for not more than 5 years, or both."

lenity,' he could not be sentenced to the mandatory minimum five years without suspension or non-eligibility for parole under section 449(e)." Rather, his sentence could be no more than that authorized under [Criminal Law Article] section 5–622. "The rule of lenity is a principle of statutory construction providing, in its most general application, that, in cases of ambiguity, doubts shall be resolved in favor of criminal defendants."

*Id.*, 159 Md.App. at 270–71, 858 A.2d at 1110 (citations omitted). Concluding that neither statute was ambiguous and that there was no ambiguity as between the provisions, it explained that "the rule of lenity is not triggered. The State had discretion to prosecute the appellant under the provision carrying the stiffer penalty." *Id.*, 159 Md.App. at 273, 858 A.2d at 1112.

The petitioner, aggrieved by the remaining conviction and, especially, the enhanced sentence, filed a petition for writ of certiorari with this Court, asking us to address and decide two issues: (1) whether the petitioner, who had a prior non-violent felony conviction,[7] was wrongly subjected to an enhanced penalty under Article 27, § 449(e); and (2) whether the rule of lenity required that the petitioner be sentenced in accordance with Criminal Law Article, § 5–622(c), rather than pursuant to § 449(e) or its successor, Maryland Code (1957, 2003 Repl. Vol.) § 5–133(c)(2) of the Public Safety Article ("PS").[8] We

---

7. Section 441(e), to which § 449(e) expressly refers with regard to what constitutes a "crime of violence," defines "crime of violence," and it does so by enumerating the statutes, which the General Assembly has determined, meet the standard it has set and thus designated as constituting "violent crimes." Section 286 is not included within that enumeration.

8. Sections 441–449 were repealed, see Acts 2003, ch. 5, § 1, effective Oct. 1, 2003, and section 449(e) and section 445(d)(i) and (ii) were replaced with Maryland Code (1957, 2003 Repl.Vol.) section 5–133(c) of the Public Safety Article. See Acts 2003, ch. 5, § 2. It provided, as it still does:

 "(1) A person may not possess a regulated firearm if the person was previously convicted of:
 "(i) a crime of violence; or

granted the petitioner's petition. *Alston v. State*, 390 Md. 500, 889 A.2d 418 (2006). We shall answer only the first question and in the affirmative.

Our answer is predicated on this Court's decision in *Stanley v. State*, 390 Md. 175, 887 A.2d 1078 (2005). In that case, we held that § 449(e) is clear and unambiguous, and that its plain meaning requires that the predicate prior conviction be for a crime that is both violent and felonious. *Id.*, 390 Md. at 183–84, 887 A.2d at 1082–83. Accordingly, we shall vacate the petitioner's sentence for possession of a regulated firearm and remand the matter for re-sentencing.[9]

## I.

### A.

The first question with which we are presented is whether a person with a prior nonviolent felony conviction may be sentenced to the enhanced sentence prescribed by Article 27,

---

"(ii) a violation of § 5–602, § 5–603, § 5–604, § 5–605, § 5–606, § 5–507, § 5–608, § 5–609, § 5–612, § 5–613, or § 5–614 of the Criminal Law Article.[ ]

"(2) A person who violates this subsection is guilty of a felony and on conviction is subject to imprisonment for not less than 5 years, no part of which may be suspended.

"(3) A person sentenced under paragraph (1) of this subsection may not be eligible for parole.

"(4) Each violation of this subsection is a separate crime."

9. The petitioner suggests that, "[b]ecause [he] had previously been convicted of a crime that was a felony, but not a crime of violence, he was not subject to the mandatory five year penalty without the possibility of parole set forth in ... § 449(e)" and, so, on resentencing, certainly had the Court remanded it for reconsideration in light of *Stanley*, his sentence would have been pursuant to § 449(f). That is not so clear. The petitioner's cert petition argued that the conduct that formed the basis for his conviction was punishable by two statutes, one more harshly than the other and, therefore, the rule of lenity required that he be sentenced in accordance with the one prescribing the more lenient sentence. Section 449(f) was not one of those statutes. While clearly a disparity would still exist, albeit between the characterization of the offense, rather than the severity of the sentence, once it was determined that § 449(e) did not apply, that is not the disparity or the statute even that was raised in the petition as the basis for relief.

§ 449(e). This is the question left open by *Price v. State*, 378 Md. 378, 384 n. 4, 835 A.2d 1221, 1225 n. 4 (2003): "whether § 449(e)'s mandatory sentencing imperative requires a conviction under both § 445(d)(1)(i) and (ii), as the plain language indicates." The issue in Price was whether daytime housebreaking, a felony, was a crime of violence under § 441(e). 378 Md. at 384, 835 A.2d at 1224. In answering the question presented, the Court addressed and determined the structure of section 449(e), observing, in that regard:

> "Section 449 (e), by its plain structure, is divided into two requirements. The first requirement is that the defendant have a previous conviction of a crime that falls within § 441(e). The second requirement is that the defendant have a current conviction under § 445(d)(1)(i) and (ii)."

*Id.* Despite having flagged the issue and, as we have seen, concluded that the language defining the second requirement was unambiguous, *id.*, 378 Md. at 384 n. 4, 835 A.2d at 1225 n. 4, the Court declined to address whether there had been compliance with the second requirement of section 449(e), the issue not having been raised. *Id.*

This open question was answered in *Stanley*, 390 Md. at 182, 887 A.2d at 1082. In doing so, we proceeded from the premise that this Court unanimously had considered and adopted in *Price*—the issue on which we granted "cert" was "whether legislative history, pre- and post-enactment, may trump the plain and clear and unambiguous language of a statute"—that section 449(e) is clear and unambiguous. *Id.*, 390 Md. at 182, 887 A.2d at 1082. In *Stanley*, the petitioner had received an enhanced sentence under § 449(e) on the basis of the petitioner's conviction for second-degree assault, a crime of violence, but not a felony. *Id.*, 390 Md. at 177, 887 A.2d at 1079. We construed the penalty provision, Article 27, § 449(e), and determined that it was clear and unambiguous, requiring, to be subject to the enhanced penalty it prescribes, that a person "be 'in illegal possession of a firearm as defined in § 445(d)(i) and (ii),' and been convicted previously of a crime of violence as defined in § 441(e) or been convicted of certain enumerated drug offenses." *Id.*, 390 Md. at 183, 887

A.2d at 1082 (citing *Price,* 378 Md. at 384, 835 A.2d at 1224 (determining whether daytime housebreaking was a crime of violence under § 441(e))).

On that basis, we held:

"The definition of the illegal possession targeted for purposes of this statute ... consists of two elements and is stated in the conjunctive. Consequently, both elements must be met; it is not sufficient if only one is present. That means, since the definition includes a crime of violence and 'any violation classified as a felony in this State,' that a conviction of both, not just one, must be established. Thus, it is not enough that the person be convicted of a crime of violence under § 441(e). On the contrary, unless the illegal possession of the firearm is established by proof of a 'violation classified as a felony,' the establishment of the crime of violence under § 441(e) could not trigger the enhanced punishment. Were it otherwise, we would not give the entire statute effect and, in fact, we would be rendering the conjunction, 'and,' superfluous. Moreover, we would be adding a word, 'or,' to the statute that the General Assembly did not. It is a well settled canon of statutory construction that we should, when interpreting a statute, give effect to all of the language and avoid a construction that renders any portion superfluous. *Design Kitchen and Baths v. Lagos,* 388 Md. 718, 729, 882 A.2d 817, 823–24 (2005); *Moore v. State,* 388 Md. 446, 453, 879 A.2d 1111, 1114 (2005); *Ware v. State,* 348 Md. 19, 59, 702 A.2d 699, 719 (1997). We have also recognized that 'Where the words of a statute, construed according to their common and everyday meaning, are clear and unambiguous and express a plain meaning,' the Court will give effect to the statute as the language is written. *Moore v. Miley,* 372 Md. 663, 677, 814 A.2d 557, 566 (2003)." *See Moore,* 388 Md. 446, 453, 879 A.2d 1111, 1114 ('if the plain language of the statute is unambiguous and consistent with the apparent purpose of the statute, we give effect to the statute as it is written'). Just as a court may not render statutory language surplusage, it may neither add nor delete language so as to reflect an intent not

evidenced in the plain and unambiguous language of the statute. *Price,* 378 Md. at 387, 835 A.2d at 1226 (2003)." *Id.,* 390 Md. at 183–84, 887 A.2d at 1082–83.

The clarity and unambiguity of the statute also trumped, we further held, the State's claim that the Court's construction was illogical and irrational. *Id.,* 390 Md. at 184, 887 A.2d at 1083. We pointed out: "Even if it may be, to us, illogical and irrational, there is no basis for the Court to refuse to give effect to the clear direction of the General Assembly." *Id.* Subsequent to *Stanley,* therefore, while a defendant previously convicted of a felony that was not also a crime of violence was properly charged pursuant to § 445(d), that defendant was not subject to sentencing pursuant to § 449(e).

In this case, the prosecution proved only that the petitioner had a prior conviction for a felony; it failed to prove the petitioner also had a prior conviction for a crime of violence. Accordingly, in light of our ruling in *Stanley v. State,* the petitioner's sentence should be vacated, and the case remanded for re-sentencing.[10] The State agrees.

## B.

The second question the petitioner asks us to resolve is whether, pursuant to the rule of lenity, the petitioner was required to be sentenced pursuant to CL § 5–622, one of the two statutes punishing the conduct for which he was sentenced, because it prescribed a more lenient sentence than that mandated by the statute under which he was sentenced or its successor. Before answering that question, we must, as a threshold matter, address an issue raised by the State, whether, because it is moot as to the petitioner, the Court should consider the issue.

---

10. At resentencing, the petitioner will be sentenced pursuant to CL § 5–622(c). As we have seen, that section gives discretion to the trial court to determine whether to impose a term of imprisonment and, if so, to determine the length of that term. Thus, the petitioner will be sentenced to a term that necessarily will be less than the mandatory sentence, which he already has served.

The Maryland law of mootness is well settled. We have opined often that "[a] question is [rendered] moot if, at the time it is before the court, there is no longer an existing controversy between the parties, so that there is no longer any effective remedy which the court can provide." *Attorney General v. Anne Arundel County School Bus Contractors Ass'n, Inc.*, 286 Md. 324, 327, 407 A.2d 749, 752 (1979). *See also In re Joseph N.*, 407 Md. 278, 301, 965 A.2d 59 (2009); *Cottman v. State*, 395 Md. 729, 744, 912 A.2d 620, 628 (2006); *In re Kaela C.*, 394 Md. 432, 452, 906 A.2d 915, 927 (2006); *In re Karl*, 394 Md. 402, 410, 906 A.2d 898, 902–03 (2006); *GMC v. Seay*, 388 Md. 341, 365, 879 A.2d 1049, 1063 (2005); *Hammen v. Balt. County Police Dep't*, 373 Md. 440, 449, 818 A.2d 1125, 1131 (2003); *Coburn v. Coburn*, 342 Md. 244, 250, 674 A.2d 951, 954 (1996); *Robinson v. Lee*, 317 Md. 371, 375, 564 A.2d 395, 397 (1989); *In re Special Investigation No. 281*, 299 Md. 181, 189–190, 473 A.2d 1, 5 (1984). While there is no constitutional impediment to an appellate court "expressing its views on the merits of a case which becomes moot during appellate proceedings," *State v. Peterson*, 315 Md. 73, 82, 553 A.2d 672, 677 (1989) (citing *Reyes v. Prince George's County*, 281 Md. 279, 380 A.2d 12 (1977)), "[o]rdinarily, courts will not decide moot or abstract questions, or render advisory opinions." *Creveling v. Gov't Employees Ins. Co.*, 376 Md. 72, 83 n. 3, 828 A.2d 229, 236 n. 3 (2003); *Anne Arundel County School Bus Contractors Ass'n, Inc.*, 286 Md. at 327, 407 A.2d at 752; *State v. Ficker*, 266 Md. 500, 506–07, 295 A.2d 231, 235 (1972). On the rare occasions when the court exercises the authority to decide moot cases, *see In re Criminal Investigation No. 1–162*, 307 Md. 674, 680, 516 A.2d 976, 979 (1986), it does so because "there is an imperative and manifest urgency to establish a rule of future conduct in matters of important public concern . . . ," *Anne Arundel County School Bus Contractors Ass'n, Inc.*, 286 Md. at 328, 407 A.2d at 752; *see also Cottman*, 395 Md. at 745, 912 A.2d at 629; *Robinson v. Lee*, 317 Md. 371, 375, 564 A.2d 395, 397; *In re Special Investigation No. 281*, 299 Md. 181, 190, 473 A.2d 1, 5; *Lloyd v. Supervisors of Elections*, 206 Md. 36, 41–42, 111 A.2d 379, 381

(1954), and it is "convinced that the case presents unresolved issues in matters of important public concern that, if decided, will establish a rule for future conduct." *Department of Human Resources, Child Care Admin. v. Roth*, 398 Md. 137, 143–44, 919 A.2d 1217, 1221 (2007) (quoting *Coburn*, 342 Md. at 250, 674 A.2d at 954).

The State is correct, insofar as the petitioner is concerned, that this case is moot. The petitioner does not disagree. Indeed he concedes that he "has served his entire five year sentence and has been mandatorily released." For that reason, citing the well settled mootness doctrine, the State urges us not to decide the petitioner's second question.

The petitioner sees it differently. He argues that, although moot, as its existence will have no direct impact on him, "the issue of disparate penalties for the possession of a regulated firearm by a person previously convicted of a drug-related felony is still alive after this Court's *Stanley* decision...." As we have seen, §§ 445(d) and 449(e) have been replaced by CL § 5–133(c), pursuant to which the possession of a regulated firearm by one previously convicted of a drug-related felony is punished by the enhanced penalty previously prescribed in § 449(e). This is in contrast to § 5–622, which continues to carry a five year maximum sentence and fine. Thus, a defendant sentenced for a violation of CL § 5–133(a)(2) necessarily will receive a harsher sentence than if he or she had been sentenced for a violation of § 5–622, which proscribes the identical conduct. What to make of this disparity in penalties and how to resolve it are, the petitioner posits, "matters of important public concern that, if decided, will establish a rule for future conduct." *Roth, supra*, and, therefore, "merit an expression of our views for the guidance of courts and litigants in the future." *In re Special Investigation No. 281*, 299 Md. at 190, 473 A.2d at 5. *See Robinson*, 317 Md. at 375–76, 564 A.2d at 397; *Ficker*, 266 Md. at 507, 295 A.2d at 235 ("an appeal, even though moot, will not be dismissed where the urgency of establishing a rule of future conduct in matters of important public concern is both imperative and manifest."); *Lloyd*, 206 Md. at 43, 111 A.2d at 381–382. We agree.

As the State sees it, the issue raised by this second question relates to the prosecution function and the exercise of discretion by the prosecutor. Thus, the State argues that the decision to prosecute identical conduct—identical in substance and classification—under a statutory provision that carries a harsher penalty than another statutory provision, that could, and does, encompass such conduct, falls exclusively within the purview of prosecutorial discretion. A prosecutor, the State adds, does not need the court's approval to make that determination. It relies on *Murphy v. Yates*, 276 Md. 475, 495, 348 A.2d 837, 848 (1975) (characterizing the State's Attorney's discretion to prosecute or not to prosecute as a "most awesome discretionary power"); *Purohit v. State*, 99 Md.App. 566, 577, 638 A.2d 1206, 1207 (1994), *cert denied* 335 Md. 698, 646 A.2d 364 (1994) ("It is well settled that a State's Attorney's power to institute a criminal prosecution is replete with broad discretion"); and *Gray v. State*, 38 Md.App. 343, 358, 380 A.2d 1071, 1081 (1977), *cert. denied*, 282 Md. 732 (1978) (noting the prosecutor's "right, without court approval, to determine what evidence he would present as well as the form in which it was to be presented").

The State also relies on *U.S. v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979).[11] Although conceding that it is not binding authority for this Court, it finds it "highly

---

11. This Court applied *U.S. v. Batchelder*, 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979) in *Stubbs v. State*, 406 Md. 34, 47, 956 A.2d 155, 162 (2008), in a holding consistent with *Waye v. State*, 231 Md. 510, 191 A.2d 428 (1963), in which this Court reaffirmed the proposition that the giving of a worthless check may be prosecuted under either the False Pretenses Act (now codified at Maryland Code (2002) § 8–101 of the Criminal Law Article, then, Maryland Code (1957, 1962 Cum.Supp.) Art. 27, § 140) or under the Worthless Check Act (now codified at Maryland Code (2002) § 8–104 of the Criminal Law Article, then, Art. 27, § 142). *Id.*, 231 Md. at 516, 191 A.2d at 431. Rather than the limitation of sentence aspect of *Waye*, on which, as we discuss infra, the petitioner relies heavily and as to which, in *Stubbs*, we determined that there was clear evidence of the Legislature's intent in drawing the dichotomy it did, as *Batchelder*, 442 U.S. at 119–125, 99 S.Ct. at 2201–04, 60 L.Ed.2d at 761–65, intimated there must be, our focus was on, the " 'possible constitutional aspects' that we expressly did not consider in *Waye.*" *Stubbs v. State*, 406 Md. at 50, 956 A.2d at 163–64.

instructive" and urges its application by analogy. That case involved two overlapping provisions of the Omnibus Crime Control and Safe Streets Act of 1968 [12] and presented for decision whether, where both proscribe the same conduct, receipt of firearms by convicted felons, but each authorizes different maximum penalties, "a defendant convicted of the offense carrying the greater penalty may be sentenced only under the more lenient provision when his conduct violates both statutes." *Id.*, 442 U.S. at 115–16, 99 S.Ct. at 2200, 60 L.Ed.2d at 759.

The defendant was charged with, and tried under, the provision of the Act, whose sentencing provision mandated the greater sentence, and he was sentenced accordingly. *Id.*, 442 U.S. at 116, 99 S.Ct. at 2200, 60 L.Ed.2d at 759–60. The appellate court affirmed the conviction, but, noting that the substantive elements of the provision carrying the lesser penalty were identical and relying on, inter alia, the rule of lenity, ordered that his sentence be reduced and capped at the lower maximum. *Id.*, 442 U.S. at 116–18, 99 S.Ct. at 2200–01, 60 L.Ed.2d at 760–61.

The Supreme Court reversed. While conceding the partial redundancy, both as to the conduct they proscribe and the individuals they reach, of the two provisions, *id.*, 442 U.S. at 118, 99 S.Ct. at 2201, 60 L.Ed.2d at 761, citing *United States v. Bass*, 404 U.S. 336, 341–343 n. 9, 92 S.Ct. 515, 519–20 n. 9, 30 L.Ed.2d 488, 493–94 n. 9 (1971), it concluded that there was

---

12. The two provisions are 18 U.S.C. § 922(h) and 1202(a). Section 922(h) makes it unlawful for one who "is under indictment for, or who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ..., to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." The penalty for its violation, as set forth in § 924(a), is a fine of not more than $5,000, or imprisonment for not more than five years, or both. On the other hand, § 1202(a) makes it unlawful for one who "has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony ... [to] receive[ ], possess[ ], or transport[ ] in commerce or affecting commerce, after the date of enactment of this Act, any firearm...." It prescribes a penalty of not more than $10,000 fine or imprisonment for not more than two years, or both.

"nothing in the language, structure, or legislative history of the Omnibus Act to suggest that because of this overlap, a defendant convicted under § 922(h) may be imprisoned for no more than the maximum term specified in § 1202(a). As we read the Act, each substantive statute, in conjunction with its own sentencing provision, operates independently of the other."

*Id.*, 442 U.S. at 118, 99 S.Ct. at 2201, 60 L.Ed.2d at 761. Responding directly to the lenity rationale, the Court explained:

"Although this principle of construction applies to sentencing as well as substantive provisions, *see Simpson v. United States*, 435 U.S. 6, 14–15, 98 S.Ct. 909, 913–914, 55 L.Ed.2d 70 [ (77–8) ] (1978), in the instant case there is no ambiguity to resolve. Respondent unquestionably violated § 922(h), and § 924(a) unquestionably permits five years' imprisonment for such a violation. That § 1202(a) provides different penalties for essentially the same conduct is no justification for taking liberties with unequivocal statutory language. *See Barrett v. United States*, 423 U.S. 212, 217, 96 S.Ct. 498, 501, 46 L.Ed.2d 450 [ (455) ] (1976). By its express terms, § 1202(a) limits its penalty scheme exclusively to convictions obtained under that provision. Where as here, 'Congress has conveyed its purpose clearly, . . . we decline to manufacture ambiguity where none exists.' *United States v. Culbert, supra*, 435 U.S. [371] at 379, 98 S.Ct. [1112] at 1117 [55 L.Ed.2d 349 (1978) ]."

*Id.*, 442 U.S. at 121–22, 99 S.Ct. at 2203, 60 L.Ed.2d at 763.[13]

The Court was unconvinced by the appellate court majority's constitutional concerns. To be sure, it acknowledged that, as a matter of due process, "[n]o one may be required at peril of life, liberty or property to speculate as to the meaning of

---

**13.** As the Court sees it, "[t]he provisions at issue plainly demarcate the range of penalties that prosecutors and judges may seek and impose," and in so informing the courts, prosecutors, and defendants, Congress fulfilled its duty. *U.S. v. Batchelder*, 442 U.S. 114, 126, 99 S.Ct. 2198, 2205, 60 L.Ed.2d 755, 765 (1979).

penal statutes," and that a criminal statute that "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden" is invalid. *Id.*, 442 U.S. at 123, 99 S.Ct. at 2203, 60 L.Ed.2d at 764. Nevertheless, relying on prosecutorial discretion and the principle "that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants," *id.*, 442 U.S. at 123–24, 99 S.Ct. at 2204, 60 L.Ed.2d at 764, the Court reasoned:

"The provisions in issue here ... unambiguously specify the activity proscribed and the penalties available upon conviction.... That this particular conduct may violate both Titles does not detract from the notice afforded by each. Although the statutes create uncertainty as to which crime may be charged and therefore what penalties may be imposed, they do so to no greater extent than would a single statute authorizing various alternative punishments. So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied."

*Id.*, 442 U.S. at 123, 99 S.Ct. at 2204, 60 L.Ed.2d at 764. It then concluded, citing U.S. CONST. art. II, §§ 2, 3; 28 U.S.C. §§ 515, 516; *United States v. Nixon*, 418 U.S. 683, 694, 94 S.Ct. 3090, 3100, 41 L.Ed.2d 1039, 1053 (1974):

"Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution neither is he entitled to choose the penalty scheme under which he will be sentenced."

*Id.*, 442 U.S. at 125, 99 S.Ct. at 2205, 60 L.Ed.2d at 766.

Unlike the State, the petitioner views the issue to be resolved as a sentencing issue. He reasons that, since the conduct proscribed by both statutes and which the jury found the petitioner guilty of committing is the same, the only question left is what is the proper sentence to be imposed. Proceeding from that premise, the petitioner submits that it is not at all clear as to how he should be sentenced and, more to

the point, pursuant to which of the two applicable statutes. That is so, he points out, because neither statute references the other, and each simply prescribes a penalty. He therefore argues that, where a defendant is convicted of an act that may be punished under more than one statute, each prescribing a different penalty, and it is unclear as to how they interrelate and, thus, the one pursuant to which sentence should be imposed, that defendant must be sentenced pursuant to the statute that carries the lesser penalty. The petitioner finds support for that argument in the rule of lenity, as interpreted and applied by this State's courts, *Waye*, 231 Md. 510, 191 A.2d 428, and fundamental fairness, which dictates the notice criminal statutes are required to give with regard to what conduct is criminal and the penalty for engaging in such conduct. To the petitioner, consequently, it is of significant importance that there is ambiguity as to which statute applies and that there is a need for defendants to know not only what conduct is criminal, but also the specific penalty for that specific criminal conduct.

We agree with the petitioner, this case presents a sentencing, rather than prosecutorial discretion,[14] issue. To the ex-

14. We do not agree with the State that this is solely an issue of charging as opposed to sentencing. While, as we have recognized, prosecutorial discretion is broad, see *Evans v. State*, 396 Md. 256, 298, 914 A.2d 25, 49 (2006)("State's attorneys retain the broad discretion ... in determining which cases to prosecute, which offenses to charge, and how to prosecute the cases they bring."); see also *Beverly v. State*, 349 Md. 106, 121, 707 A.2d 91, 98 (1998) ("It is well-settled that the determination of which criminal charges, if any, to bring is a matter of prosecutorial discretion."); *Sinclair v. State*, 278 Md. 243, 252, 363 A.2d 468, 474 (1976)("It is clear that the state's attorneys in this State have very wide and largely unreviewable discretion as to whether or not to pursue the prosecution of criminal offenses."), we do not believe that it extends to insulating disparate sentencing provisions, applicable to identical conduct, from review to determine appropriate and fair sentencing. It follows, therefore, that we also are not persuaded by *Batchelder* on this point.

We also do not concede that the prosecutorial discretion, admittedly broad, is not subject to some judicial oversight. What we said on the subject in *Brack v. Wells*, is worth repeating:

"By the Constitution of Maryland, Article 5, Section 9, the State's Attorney shall perform such duties as may by law be prescribed. By

tent that sentencing is implicated, also implicated is statutory construction and, because it is a canon of construction, the rule of lenity. Thus, we agree that the rule of lenity applies to this situation to cap the petitioner's sentence at the level prescribed by the statute with the more lenient penalty. We explain.

As we have seen, there are two statutes, each prescribing a different penalty, pursuant to which a defendant with a prior felony drug conviction could have been charged and sentenced. That the prosecution may have proceeded on the authority of one of them does not mean that the penalty associated with that statute is the one necessarily intended by the Legislature. It is a settled principle of Maryland criminal law that

> "[f]undamental fairness dictates that the defendant understand clearly what debt he must pay to society for his transgressions. If there is doubt as to the penalty, then the law directs that his punishment must be construed to favor a milder penalty over a harsher one."

*Robinson,* 317 Md. at 379–80, 564 A.2d at 399.

As a result, we are faced with an issue of statutory construction, the purpose, indeed "the cardinal rule," *In re Anthony R.,* 362 Md. 51, 57, 763 A.2d 136, 139 (2000), quoting *Oaks v. Connors,* 339 Md. 24, 35, 660 A.2d 423, 429 (1995), of which is to discern and give effect to the intent of the Legislature. *Lewis v. State,* 348 Md. 648, 653, 705 A.2d 1128, 1130–31 (1998); *Gardner v. State,* 344 Md. 642, 647, 689 A.2d 610, 612 (1997); *Harris v. State,* 344 Md. 497, 510, 687 A.2d 970, 976 (1997), *cert. denied, sub nom. Koenig v. Maryland,* 522 U.S. 1017, 118 S.Ct. 605, 139 L.Ed.2d 492 (1997); *Tapscott v. State,* 343 Md. 650, 657, 684 A.2d 439, 442 (1996); *Frazier v. War-*

---

Section [34] of Article 10 of the [current] Code, that officer is required to 'prosecute and defend, on the part of the State, all cases in which the State may be interested.' In such prosecutions of persons accused of crime, he must exercise a sound discretion to distinguish between the guilty and the innocent. He must be trusted with broad official discretion to institute and prosecute criminal causes, *subject generally to judicial control.* 184 Md. 86, 90, 40 A.2d 319, 321 (1944) (emphasis added) (citation omitted).

*field,* 13 Md. 279, 301 (1859). It is a well settled canon of statutory construction that the Legislature "is presumed to have had, and acted with respect to, full knowledge and information as to prior and existing law and legislation on the subject of the statute and the policy of the prior law." *Bd. of Educ. of Garrett Cnty. v. Lendo,* 295 Md. 55, 63, 453 A.2d 1185, 1189 (1982). *See Farmers & Merchants Nat. Bank of Hagerstown v. Schlossberg,* 306 Md. 48, 61, 507 A.2d 172, 178 (1986) (noting that Legislature presumed to have intended that all its enactments operate together as a consistent and harmonious body of law). Thus, it is well settled that "where . . . two statutes deal with the same subject matter and are not inconsistent with one another, they must be construed together and, to the extent possible, full effect given to each." *Comm'n on Med. Discipline v. Bendler,* 280 Md. 326, 330, 373 A.2d 1232, 1234 (1977) (citing *Dep't of Nat. Resources v. France,* 277 Md. 432, 357 A.2d 78 (1976)); *Smith v. Gray Concrete Pipe Co.,* 267 Md. 149, 297 A.2d 721 (1972). *See Maryland–Nat'l Capital Park & Planning Comm'n v. Anderson,* 395 Md. 172, 183, 909 A.2d 694, 700 (2006); *Gwin v. Motor Vehicle Admin.,* 385 Md. 440, 462, 869 A.2d 822, 834 (2005). Accordingly, statutes that were enacted at different times and contain no reference to each other must be harmonized insofar as possible. *Bendler,* 280 Md. at 330, 373 A.2d at 1234, citing *City of Baltimore v. Clerk,* 270 Md. 316, 319, 311 A.2d 261, 263 (1973); *Bd. of Fire Comm'rs v. Potter,* 268 Md. 285, 300 A.2d 680 (1973); *May v. Warnick,* 227 Md. 77, 175 A.2d 413 (1961). See *Gwin,* 385 Md. at 462, 869 A.2d at 834; *Mayor of Oakland v. Mayor of Mountain Lake Park,* 392 Md. 301, 316–17, 896 A.2d 1036, 1045 (2006); *State v. Ghajari,* 346 Md. 101, 115, 695 A.2d 143, 149 (1997). We have explained the purpose of this canon of construction as being to avoid the repeal by implication of one of the statutes by the other, something the law does not favor. *Bendler,* 280 Md. at 330, 373 A.2d at 1234 (citing *France,* 277 Md. 432, 357 A.2d 78); *Waye,* 231 Md. at 516, 191 A.2d at 431.

The first step in the search for legislative intent is the review of the statutory language itself. *Breslin v. Powell,* 421

Md. 266, 286, 26 A.3d 878, 891 (2011); *Mayor & City Council of Baltimore v. Chase,* 360 Md. 121, 128, 756 A.2d 987, 991 (2000); *Oaks v. Connors,* 339 Md. 24, 35, 660 A.2d 423, 429 (1995); *Montgomery County v. Buckman,* 333 Md. 516, 523, 636 A.2d 448, 451 (1994); *Condon v. State,* 332 Md. 481, 491, 632 A.2d 753, 757–58 (1993). "[O]rdinarily, when the words of the statute are clear and unambiguous, according to their commonly understood meaning, we end our inquiry there also." *Chesapeake and Potomac Telephone Co. of Maryland v. Director of Finance for Mayor and City Council of Baltimore,* 343 Md. 567, 578, 683 A.2d 512, 517 (1996), citing *Buckman, supra,* 333 Md. at 523, 636 A.2d at 451; *Condon, supra,* 332 Md. at 491, 632 A.2d at 757–58; *Harris v. State,* 331 Md. 137, 145–46, 626 A.2d 946, 950 (1993). "Context," we have made clear, is an appropriate, relevant interpretive consideration. *Morris v. Prince George's County,* 319 Md. 597, 604, 573 A.2d 1346, 1349 (1990); *State v. 149 Slot Machines,* 310 Md. 356, 361, 529 A.2d 817, 819 (1987). We expounded on this point in *Government Employees Ins. Co. and GEICO v. Insurance Com'r,* 332 Md. 124, 132, 630 A.2d 713, 717–18 (1993):

"Where the statute to be construed is a part of a statutory scheme, the legislative intention is not determined from that statute alone, rather it is to be discerned by considering it in light of the statutory scheme. *[State v.] Crescent Cities Jaycees,* 330 Md. [460] at 468, 624 A.2d [955] at 959 [ (1993) ]. When, in that scheme, two statutes, enacted at different times and not referring to each other, *Farmers & Merchants [National] Bank v. Schlossberg,* 306 Md. 48, 56, 507 A.2d 172, 176 (1986); *Management Personnel Serv. v. Sandefur,* 300 Md. 332, 341, 478 A.2d 310, 314 (1984), address the same subject, they must be read together, *State v. Bricker,* 321 Md. 86, 93, 581 A.2d 9, 12 (1990), i.e., interpreted with reference to one another, *Schlossberg,* 306 Md. at 61, 507 A.2d at 178; *Bridges v. Nicely,* 304 Md. 1, 10, 497 A.2d 142, 146 (1985), and harmonized, to the extent possible, both with each other and with other provisions of the statutory scheme. *Balto. Gas & Elec. [v. Public*

*Service Com'n of Md.*], 305 Md. [145] at 157, 501 A.2d [1307] at 1313 [ (1986) ]. Neither statute should be read, however, so as to render the other, or any portion of it, meaningless, surplusage, superfluous or nugatory. *Tracey v. Tracey,* 328 Md. 380, 387, 614 A.2d 590, 594 (1992); *D & Y, Inc. v. Winston,* 320 Md. 534, 538, 578 A.2d 1177, 1179 (1990); *Kindley v. Governor of Md.,* 289 Md. 620, 625, 426 A.2d 908, 912 (1981); *Moberly v. Herboldsheimer,* 276 Md. 211, 217, 345 A.2d 855, 858 (1975). In attempting to harmonize them, we presume that, when the Legislature enacted the later of the two statutes, it was aware of the one earlier enacted. *Cicoria v. State,* 332 Md. 21, 43, 629 A.2d 742, 752 (1993); *Bricker,* 321 Md. at 93, 581 A.2d at 12."

Moreover, we have explained, see *Gardner,* 344 Md. at 648, 689 A.2d at 613, that, where there are two or more statutes to be construed, it is not dispositive that, on their face, viewed independently, each provision is clear and unambiguous. Rather,

"[s]tatutes that are clear when viewed separately may well be ambiguous where their application in a given situation, or when they operate together, is not clear." *See Sullins v. Allstate,* 340 Md. 503, 508, 667 A.2d 617, 619 (1995) (a term which is unambiguous in one context may be ambiguous in another); *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 74, 517 A.2d 730, 732 (1986) ("That a term may be free from ambiguity when used in one context but of doubtful application in another context is well settled."); *Bernhardt v. Hartford Fire Ins. Co.,* 102 Md.App. 45, 54, 648 A.2d 1047, 1051 (1994) (quoting *Town & Country v. Comcast Cablevision,* 70 Md.App. 272, 280, 520 A.2d 1129, 1132, cert. denied, 310 Md. 2, 526 A.2d 954 (1987)) ("Language can be regarded as ambiguous in two different respects: 1) it may be intrinsically unclear ...; or 2) its intrinsic meaning may be fairly clear, but its application to a particular object or circumstance may be uncertain.").

*Id.,* 344 Md. at 648–49, 689 A.2d at 613.

If the statutory language is clear and unambiguous when construed in accordance with its ordinary and everyday mean-

ing, then this Court " 'will give effect to the statute as it is written.' " *Pak v. Hoang,* 378 Md. 315, 323, 835 A.2d 1185, 1189 (2003) (quoting *Moore v. Miley,* 372 Md. 663, 677, 814 A.2d 557, 566 (2003)) (citations omitted). On the other hand, the court will look "beyond the statute's plain language in discerning the legislative intent" when there is statutory ambiguity, *Comptroller of the Treasury v. Clyde's of Chevy Chase, Inc.,* 377 Md. 471, 483, 833 A.2d 1014, 1021 (2003), when the statutory language is unclear. *Walzer v. Osborne,* 395 Md. 563, 572–73, 911 A.2d 427, 432 (2006); *Gardner,* 344 Md. at 648, 689 A.2d at 613. In that event, we may, and do, look elsewhere for evidence of the General Assembly's intent, considering, in addition to the literal or usual meaning of the words used, their meaning and effect in light of the setting, the objectives and purpose of the subject enactment, *Fraternal Order of Police v. Mehrling,* 343 Md. 155, 174, 680 A.2d 1052, 1062 (1996), quoting *Tucker v. Fireman's Fund Ins. Co.,* 308 Md. 69, 75, 517 A.2d 730, 732 (1986), and whether the statute can be interpreted in more than one way. *Chow v. State,* 393 Md. 431, 444, 903 A.2d 388, 395 (2006).

The rule of lenity is another canon of construction, an interpretive aid. *Monoker v. State,* 321 Md. 214, 222, 582 A.2d 525, 529 (1990). It is applicable to penal statutes that are ambiguous, requiring that such statutes be strictly construed against the State and in favor of the defendant. See *Harris,* 331 Md. at 145, 626 A.2d at 950; *State v. Kennedy,* 320 Md. 749, 754, 580 A.2d 193, 195 (1990); *Wynn v. State, supra,* 313 Md. 533, 539–40, 546 A.2d 465, 468–69 (1988); N. Singer, Sutherland on Statutory Construction, § 59.03, at 102–03 (5th ed.1992). Thus, it ensures that only punishment contemplated by the language of the statute may be imposed. *Gargliano v. State,* 334 Md. 428, 437, 639 A.2d 675, 679 (1994) (quoting *Dickerson v. State,* 324 Md. 163, 172, 596 A.2d 648, 652 (1991)) and prohibits an interpretation of a criminal statute that increases the penalty it places on a defendant on no more basis than a guess as to what the Legislature intended. *Monoker,* 321 Md. at 222, 582 A.2d at 529 (quoting *Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d

199, 205 (1958)). We have recently reiterated that "the rule of lenity only informs our interpretation of a criminal statute when the standard tools of statutory interpretation fail to discern the intent of the Legislature." *Gardner v. State,* 420 Md. 1, 17, 20 A.3d 801, 811 (2011). "Under that rule, there-fore, if we are unsure of the legislative intent in punishing offenses ..., we, in effect, give the defendant the benefit of the doubt." *Monoker,* 321 Md. at 222, 582 A.2d at 529.

*Waye,* 231 Md. 510, 191 A.2d 428, although not purporting to decide the issue on the basis of lenity, but on a related issue, is instructive. In that case, one of the questions with which this Court was presented was whether the amendment of one of two statutes proscribing the identical conduct, the passing of a worthless check, precluded prosecution or sen-tencing under the unamended one.[15] *Id.,* 231 Md. at 516, 191 A.2d at 431. The subject amendment significantly reduced the maximum penalty when the value of the property obtained by means of a worthless check was under $100. *Id.,* 231 Md. at 515, 191 A.2d at 431. The statutes were enacted at different times, but despite their requiring different proof, carried the same maximum penalty until the amendment. *Id.* The Court held:

"Repeals by implication are not favored. The amendment of § 142, in 1955, did not, we think, amend by implication § 140 to the extent that if a worthless check be involved and the property obtained be valued at less than $100, the prosecution is limited to § 142. We, therefore, hold that under such circumstances the prosecution may, as hereto-fore, be brought under either section. However, we do not

---

**15.** The Court posed the questions thusly:

"Did the amendment of § 142 amend, by implication, § 140 to the extent that when a worthless check is involved and the value of the property obtained is less than $100, then the prosecution must be under § 142 and not under § 140? Did the Legislature intend to limit the penalty under the above circumstances if the prosecution be brought under § 142, but permit the higher penalty (up to ten years, and contrary to the above quoted provisions of § 142), if, under identical facts, the prosecution be brought under § 140?"

*Waye v. State,* 231 Md. 510, 516, 191 A.2d 428, 431 (1963)

believe that the Legislature intended to create such an anomalous and incongruous situation as to limit the penalty, when a worthless check and property valued at less than $100 are involved, to $50 and eighteen months' confinement when the prosecution is under § 142, but to permit a much higher and more severe penalty under identical facts simply because someone decides to bring the prosecution under § 140. We, therefore (without considering possible constitutional aspects that a contrary ruling might produce), hold that the amendment of § 142 in 1955 amended, or modified, § 140 to the extent that when there is a conviction under § 140 for the giving of a worthless check and the property obtained is valued at less than $100, the maximum penalty that may be imposed is a fine of $50 and eighteen months' imprisonment. Compare Chapter 616 of the Acts of 1961, Section 109(13)."

*Waye,* 231 Md. at 516, 191 A.2d at 431.

To be sure, in holding that the defendant's sentence was limited to the lesser penalty, the Court did not expressly rely on the rule of lenity, or even mention it, focusing instead on the construction rule that repeals by implication are disfavored. *Id.* Nevertheless, we believe that *Waye* is consistent with, if not, in reality, an application of, the rule of lenity. Because, as we have seen, repeal by implication is disfavored, it is well settled "that a repeal by implication does not occur unless the language of the later statute plainly shows that the legislature intended to repeal the earlier statute," *State v. Harris,* 327 Md. 32, 39, 607 A.2d 552, 555 (1992) (citing *Montgomery County v. Bigelow,* 196 Md. 413, 423, 77 A.2d 164, 167–68 (1950)); *Pressman v. Elgin,* 187 Md. 446, 450, 50 A.2d 560, 563 (1947), which generally requires some express reference to the earlier statute. *Gannon & Son v. Emerson,* 291 Md. 443, 455, 435 A.2d 449, 455 (1981) (quoting *Kirkwood v. Provident Savings Bank,* 205 Md. 48, 55, 106 A.2d 103, 107 (1954)); *Thomas v. State,* 173 Md. 676, 681, 197 A. 296, 299 (1938). There, in amending the statute to reduce the penalty for worthless checks under $100, the Legislature did not refer to the other statute and there was nothing in the language of

the amendment that plainly shows that the Legislature intended to repeal that earlier statute to the extent of that amendment. Nor was there any indication given in the amendment as to how the two statutes were to interrelate. These omissions undoubtedly were the basis for the belief the Court expressed as to the Legislature's intent. They are no less relevant to, and available to support, a lenity analysis. In any event, as the petitioner urges, at the very least, *Waye* "shows this Court's disinclination toward disparate punishments for the same offense."

The State distinguishes *Waye* and urges that we follow the analysis of the Supreme Court in *Batchelder*. With respect to the former, it believes it significant that, in this case, the subject firearm statutes are in different articles of the Code, while in *Waye*, the statutes were in the same section, if not a part of a single statutory scheme. The State also believes that the enactment of § 5–133's predecessor as a part of the Responsible Gun Safety Act of 2000 and its purpose of providing harsher sentences for certain persons, including convicted felons, with serious prior offenses, who possess handguns and other regulated firearms further distinguishes *Waye* and justifies the result in this case. With regard to *Batchelder*, of course the State stresses the charging aspect, but, in addition, urges the overall logic of the decision, including that it rejected the applicability of the rule of lenity to a fact pattern much like the one *sub judice.*

We are not persuaded. First, we agree that § 449(e), predecessor to Public Safety § 5–133, as a part of the Responsible Gun Safety Act of 2000, was enacted "to make a harsher penalty available in cases where persons with serious prior offenses possessed handguns and other regulated firearms." Acknowledging this to be so does not explain the different, more lenient penalty prescribed by Criminal Law § 5–622, or more to the point, reconcile the legislative intent underlying its enactment. Second, we do not understand the *Waye* analysis to apply only when statutes that are a part of a single statutory scheme provide for different penalties. Nowhere in the opinion is that mentioned as a factor, never mind a critical

one, in the decision. Nor is such a consideration evident from the Court's analysis. In fact just the opposite is the case. What this Court determined to be relevant to the decision in that case were reflected in the questions it posed as necessary to be answered and the answers themselves: that there are two statutes, without clear legislative intent, providing for different penalties, one substantially more lenient than the other, for identical conduct. As we read *Waye,* when those circumstances co-exist, wherever in the Code the "conflicting" penalty statutes may be placed, those statutes must be read together and harmonized. *See Collins v. State,* 383 Md. 684, 693–94, 861 A.2d 727, 733 (2004) (construing statutes "incongruous[ly] codif[ied]" and commenting on the "interpretive difficulties such arrangements of the Code may cause").

As we have seen, the United States Supreme Court, in *Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755, refused to apply the rule of lenity in a case in which there was a partial redundancy and a discernable disparity in the penalties prescribed by two statutes, concluding that there was, in that case, "no ambiguity to resolve." *Id.,* 442 U.S. at 121, 99 S.Ct. at 2203, 60 L.Ed.2d at 763. The Court noted, in that regard, the absence of anything in the language, structure, or legislative history of the Omnibus Act to suggest that Congress intended to give the defendant the benefit of the lesser penalty, that the statutes operated independently of each other, *id.,* 442 U.S. at 118, 99 S.Ct. at 2201, 60 L.Ed.2d at 761, and that Congress conveyed its purpose clearly. *Id.,* 442 U.S. at 122, 99 S.Ct. at 2203, 60 L.Ed.2d at 763. Thus, the Court considered each statute separately and independently. That is inconsistent with our approach, which is to consider them together when the interplay between them is the issue. *Gardner,* 344 Md. at 649, 689 A.2d at 613. Moreover, the *Batchelder* analysis is at odds with the analytical approach taken by this Court in *Waye* as a matter of State non constitutional law. That approach, in turn, is similar to the approach of the Supreme Court of the State of Colorado as reflected in *Colorado v. Estrada,* 198 Colo. 188, 601 P.2d 619 (1979). That

court declined to follow *Batchelder* on state law grounds, explaining:

> "We are not persuaded by the Supreme Court's reasoning on this issue and expressly decline to apply it to our own State Constitution's due process equal protection guarantee. . . . We find a penalty scheme that provides widely divergent sentences for similar conduct and intent to be irrational[.]"

*Estrada,* 601 P.2d at 621. *See also State v. Thompson,* 287 Kan. 238, 200 P.3d 22, 34 (2009) (quoting *State v. Clements,* 241 Kan. 77, 734 P.2d 1096, 1100 (1987), in which, explaining the rationale of its decision to reject the Batchelder due process and equal protection rationale, the Supreme Court of Kansas stated: "[T]he decision as to which penalty to seek cannot be a matter of prosecutorial whimsy in charging.") We reject the Batchelder analysis insofar as it relates to sentencing.[16]

For the foregoing reasons, we hold that where two statutes punish the same conduct, but impose different penalties, the defendant is convicted pursuant to the one carrying the more severe penalty and the Legislature's intent with regard to how the statutes are to be applied and operate together is unclear, the rule of lenity applies and, as a result, the defendant must be sentenced pursuant to the statute carrying the more lenient penalty.

**JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO REMAND THE CASE TO THE CIRCUIT COURT FOR BALTIMORE CITY FOR RESENTENCING. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE MAYOR AND CITY COUNCIL OF BALTIMORE.**

---

**16.** There is no inconsistency between *Waye* and *Batchelder* so far as charging is concerned. In *Waye,* as in *Batchelder,* we rejected the argument that the existence of disparate sentencing provisions impacted the prosecution function, requiring that the defendant be prosecuted pursuant to the statute prescribing the more lenient sentence.

RAKER, J. concurring.

I join in Part A only of this opinion. I do not join in Part B and would not reach the issue on the grounds of mootness. Judges Harrell and Battaglia join in this concurring opinion.

Concurring opinion by RAKER, J., which HARRELL and BATTAGLIA, JJ., join.

## *ORDER*

GLENN T. HARRELL, Jr. Senior Judge.

The Court having considered the Motion for Reconsideration and Stay of Mandate filed by the State, it is this 16th day of August 2013,

ORDERED by the Court of Appeals of Maryland (majority concurring *) that Part B of the Court's previously filed opinion in this case, *Alston v. State,* 433 Md. 275, 284–301, 71 A.3d 13, 19–29 (2013) (filed June 26, 2013), be, and the same is, hereby withdrawn and replaced with "The second question the Petitioner asks us to resolve, being moot, shall not be addressed here"; and, it is further

ORDERED that the State's request for a stay of the mandate is denied.

Dissenting—Chief JUDGE BELL, and Judges GREENE and CATHELL, who would have denied the State's motion in its entirety.

---

* Voting in favor of this action—Judges Harrell, Battaglia, Raker, and Wilner.